**Application of Melvin F. KISER for a Writ of Habeas Corpus.**

**Melvin F. Kiser, Appellant.**

**No. 19683.**

United States Court of Appeals
Eighth Circuit.

Dec. 30, 1969.

Melvin F. Kiser, pro se.

Gordon Mydland, Atty. Gen., and Walter W. Andre, Asst. Atty. Gen., Pierre, S. D., on the brief for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

Melvin F. Kiser, hereinafter usually referred to as defendant, has taken this timely appeal from final order denying his 28 U.S.C.A. § 2241 petition for habeas corpus relief. Certificate of probable cause has been granted by the trial court.

We briefly summarize the background facts. Defendant was tried and convicted in the state court on each of two counts charging grand larceny of a gun on March 24, 1966. He was given concurrent sentences of six years on each count. No appeal was taken from the conviction. Defendant while serving his sentence filed petition for writ of habeas corpus in the state court which was denied after an evidentiary hearing. The denial of the writ was affirmed by the Supreme Court of South Dakota. In Re Application of Kiser, 158 N.W.2d 596. The court's opinion fairly sets out the background facts, the issues raised, which are substantially the same as the issues raised upon this appeal, and the basis for the denial of relief. Additional facts to the extent necessary will be set out in the discussion of the issues.

Defendant in the federal trial court and upon this appeal asserts errors were committed in his state trial resulting in a conviction which entitle him to habeas corpus relief. We summarize such errors as follows:

I. The petitioner was convicted with evidence which was unconstitutionally seized.

II. The petitioner was convicted by the use of a statement from the petitioner taken in violation of his constitutional rights. ·

III. The petitioner was denied due process when the information under which he was tried failed to allege the serial numbers of the stolen guns.

IV. The petitioner was denied due process when the police officers took him from Deuel County, South Dakota, to Codington County, South Dakota, without taking him before a magistrate.

The federal trial court, after issuing a show cause order which was responded to by the state, held a full evidentiary hearing at which defendant testified. The court dismissed the petition, setting out the reasons therefore in an unreported memorandum opinion. We hold that the trial court's findings upon which its decision is based are supported by substantial evidence and were not induced by any erroneous view of

the applicable law. We affirm for the reasons hereinafter stated.[1]

### I.

The most troublesome issue raised by this appeal is defendant's contention that certain evidence used at his trial was obtained by means of an unlawful search and seizure in violation of defendant's Fourth Amendment rights. The evidence in controversy consists of an overcoat, two guns and a blanket which covered the guns which were on the back seat of defendant's car.

The federal trial court in agreement with the state court determined that the evidence in controversy was seized as a consequence of a lawful arrest. Substantial evidentiary support exists for such a finding. Bates, an employee of the Gamble Store at Watertown, South Dakota, observed defendant and a companion enter the store about 10 a. m. on November 17, 1965. It was a cold day. Bates' suspicions were aroused by the fact that defendant carried his overcoat over his arm. Bates kept defendant under surveillance and saw him go to the gun rack and pick up a gun and put it under his coat and walk out of the door with it. Defendant was joined at the door by a companion who had made a purchase. Bates followed defendant out of the store and saw defendant and his companion hastily make their way to a dark Oldsmobile with black and white license plates and drive away. This information was reported to the city police. As a result of the police alert, sheriff Vik proceeded to the junction of Highways 212 and 71, about twenty-one miles from Watertown, for the purpose of trying to locate a car that met the description given. He found a car meeting such description parked at a filling station at the junction. Defendant and

his companion were standing beside the car. The sheriff, after examining defendant's automobile registration and driver's license and finding them to be in order, asked defendant if he had been in some hardware stores in Watertown that morning. Defendant answered affirmatively. The sheriff then asked defendant to get into the squad car, which he did. Defendant asked the sheriff if he was under arrest and was informed that he was not. However, when the defendant attempted to get out of the car the sheriff restrained him and stated that he was holding him for the Watertown authorities.

The Watertown officers arrived within a short time thereafter accompanied by Mr. Bates. Defendant was near his automobile. Bates identified the defendant and the automobile. At this time officer Lofswold reached into defendant's automobile and removed a blanket from the back seat of the car and thus uncovered two guns, one of which met the description of the gun stolen at Gambles. The overcoat was also observed in plain view. Defendant was then taken to Watertown and charged with the offenses upon which he was subsequently convicted.

 Defendant is of course entitled to the protection of the Fourth Amendment. We are satisfied that the defendant was seized by sheriff Vik when he was told to get into the sheriff's car. The issue then becomes whether such seizure was reasonable. We hold that under the facts we have related the temporary seizure for the purpose of investigation was reasonable. Conceding that probable cause for arrest did not exist at the time of the seizure, we are satisfied that a reasonable basis existed for holding the defendant temporarily for investigation. See Terry v. Ohio, 392

---

1. The State in its brief states defendant was released on parole on February 27, 1969 (subsequent to the trial court's decision), and that this appeal should be dismissed as moot. Such contention lacks merit. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554; Jones v.

Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, 92 A.L.R.2d 675. The Brief filed by the State does not meet nor discuss either the law or the facts on the issues raised by the defendant and such brief was of no assistance to this court whatsoever.

U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; Carpenter v. Sigler, 8 Cir., 419 F.2d 169 (December 23, 1969).

After the identification of the defendant as the man who had taken the gun at the Gamble Store and the identification of the car, probable cause for the arrest of the defendant clearly existed. See United States v. Skinner, 8 Cir., 412 F.2d 98, 101–102; Klingler v. United States, 8 Cir., 409 F.2d 299.

In United States v. Skinner, this court speaking through Judge Heaney states:

> "We hold that where the government sustains its burden of proving that a police officer had probable cause for arresting a suspect for a felony and where it is clear that evidence seized in a contemporaneous search of the suspect's person was in no way necessary to establish probable cause, the search is incidental to the arrest. The search is valid whether it took place moments before or moments after the arresting officer took the suspect into actual custody or announced his intention of so doing." 412 F.2d 98, 103.

We agree with defendant's contention that the guns and the blanket were obtained as a result of a search by officer Lofswold but reject the contention that the search was unreasonable. The search was made after Mr. Bates had identified the defendant as the person taking the gun from the Gamble Store.

Generally searches without a warrant are considered unreasonable under the Fourth Amendment. However, there are exceptions to this general rule. One such exception is a search incident to an arrest. The only limitation on this exception is that the search must be reasonable in scope. Since there was probable cause for arrest in this case, the search of petitioner's car was "reasonable" without a warrant if it was properly limited in scope.

The Supreme Court recently in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, set the standards for a search incident to arrest. In our view the standards set down in *Chimel* are the strictest yet set on this issue and thus if a search can meet the *Chimel* scope requirements, it can meet the scope requirements of any previous case.

The Court in *Chimel* indicated the extent of the scope of the search incident to arrest as:

> "[T]he arrestee's person and the area 'within his immediate control'— construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence. * * *" 395 U.S. 752, 763, 89 S.Ct. 2034, 2040.

Applying the *Chimel* standard to this case, we hold that the search of the defendant's automobile while defendant was standing within leaping range of the guns in the back seat meets the *Chimel* test. The fact that the officers knew that Kiser had taken weapons from the store adds to the reasonableness of this search.[2]

The claim that the overcoat and blanket should be suppressed can be disposed of on the above grounds or under the "plain view" rule. Since the officers were validly in a position to see the coat and blanket, they may be seized and introduced in evidence. See Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067; Carpenter v. Sigler, supra.

## II.

Sheriff Vik at defendant's trial testified that defendant in answer to inquiries made by the sheriff shortly after his arrival admitted that he had spent the previous night in Watertown and had been in Watertown stores. Defendant was not advised of his right to be silent, his right to counsel and related rights. Defendant's trial occurred sub-

---

**2.** In view of our holding that the scope of the search was reasonable under *Chimel* standards, we need not and do not reach the question of whether *Chimel* is to be applied retroactively.

sequent to Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, but prior to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. Under Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, *Miranda* rights will not be retroactively applied. We find nothing in the record that reflects any violation of *Escobedo* rights. Defendant did not ask for an attorney prior to answering the questions. There is no showing that the answers made were involuntary. The accusatory stage had not been reached. If defendant by his answers to the questions had been able to satisfy the sheriff that he had not been in Watertown that morning, the investigation might well have been dropped.

### III.

 Defendant's contention that the information filed against him is fatally defective because the serial numbers of the guns are not set out in the information lacks merit. The state Supreme Court held the information to be sufficient under state law and properly determined that the information was sufficient to inform the defendant of the crime charged so as to enable him to prepare his defense and to protect him against double jeopardy. The information meets federal constitutional standards. See United States ex rel. Tangredi v. Wallack, 2 Cir., 343 F.2d 752; Kimbro v. Bomar, 6 Cir., 333 F.2d 755.

### IV.

 No substantial federal constitutional issue is presented by defendant's contention that state formalities in connection with his transportation from one South Dakota county to another were not followed. The South Dakota Supreme Court held the arrest was valid under state law. We have heretofore determined that the arrest was based upon probable cause and thus meets federal constitutional standards. In any event, defendant has not shown the fairness of his trial has been impaired in any way by the asserted irregularities in

his arrest. See Sheldon v. Nebraska, 8 Cir., 401 F.2d 342, 345.

We have examined the record with care and find that defendant has had a fair trial and that no errors were committed which would entitle him to a reversal.

The order denying the writ of habeas corpus is affirmed.