Joseph **HUPERT**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 20663.

United States Court of Appeals,
Eighth Circuit.

Sept. 17, 1971.

John L. Boeger, St. Louis, Mo., for appellant.

James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

HEANEY, Circuit Judge.

In October, 1965, Joseph Hupert was indicted by a federal grand jury on seven counts. Four counts charged that he possessed marijuana in violation of 26 U.S.C. § 4744(a), and three counts charged that he made sales of marijuana in violation of 26 U.S.C. § 4742(a). At his arraignment in the United States District Court for the Eastern District of Missouri, Hupert entered not guilty pleas to all counts. Before his scheduled trial, Hupert withdrew his not guilty pleas to the charges of violation of § 4744(a). The trial court accepted Hupert's tendered guilty pleas to these charges. The government then requested and was granted leave to dismiss the remaining counts under § 4742(a).

Judgment was entered on the guilty pleas, and Hupert was sentenced to terms of imprisonment totaling five years on January 7, 1966.[1]

Following announcement of the Supreme Court's decisions in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969), Hupert filed a § 2255 motion to vacate and set aside the judgment of conviction and sentence on the grounds that § 4744(a) violated his rights under the Fifth Amendment. The District Court denied Hupert's motion, holding that Hubert was untimely in raising the privilege against self-incrimination and, further, that he waived the privilege by pleading guilty.

This Court recently decided that Leary is fully retroactive and that a plea of guilty to § 4744(a) does not waive the defense of the privilege against self-incrimination. Scogin v. United States of America, 446 F.2d 416 (8th Cir. 1971). See also, Stewart v. United States of America, 446 F.2d 42 (8th Cir. 1971); United States of America v. Broadus, 450 F.2d 639 (D.C. Cir. 1971). If retroactivity and waiver were the only issues in this case, we would reverse the decision of the District Court without further discussion.

In the context of this case, however, we must determine whether a guilty plea, entered as the result of plea bargaining at a time when an absolute constitutional defense is unknown, bars a defendant from raising that defense in a collateral attack on his conviction.

The District Court's view was that the defense is waived under such circumstances, particularly since Hupert could have been prosecuted constitutionally under § 4742(a), which was left undisturbed by Leary. In its memorandum opinion, the court stated:

" * * * Although no hearing was held in this matter (neither party deeming one necessary), we have no doubt that petitioner's counsel had discussed with the Government attorney (not by way of bargaining but for information) the dismissal of the sales counts in the event petitioner changed his pleas on the possession counts. This is particularly true in view of the known custom of the Government in this district to request leave to dismiss some counts of an indictment when a defendant pleads guilty to other counts for which an adequate punishment could be assessed by the Court. * * *

1. The government makes mention of the fact that Hupert was released during the pendency of this appeal, having served his full sentence, and that his appeal is, therefore, mooted. We find no merit to this contention in light of Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); Application of Kiser, 419 F.2d 1134, n. 1 (8th Cir. 1969).

"It is obvious that the Government dismissed the transfer counts in reliance on the effectiveness of the pleas of guilty to the acquisition counts. * * *

"Petitioner achieved his objective—the dismissal of the sales counts as to which the self-incrimination defense would not apply (Buie v. United States, 396 U.S. 87 [90 S.Ct. 284, 24 L.Ed.2d 283])—solely by reason of his pleas of guilty to the possession counts. We cannot ignore the fact of reliance by the Government as well as the Court on the validity of the possession convictions. In these circumstances, it would not comport with concepts of fundamental fairness to permit petitioner at this late date to assert that his claim of privilege against self-incrimination is timely or that his guilty pleas did not constitute a waiver of such privilege. * * *"

We believe, for several reasons, that the District Court incorrectly denied Hupert's § 2255 motion.

First, this Court, as well as others, has reversed convictions in situations wherein the government has moved to dismiss some counts following the entry of a guilty plea to other counts. See, Scogin v. United States of America, *supra*; United States v. Liguori, 430 F.2d 842 (2nd Cir. 1970), cert. denied, 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1971); United States v. Lucia, 416 F.2d 920 (5th Cir. 1969), aff'd en banc, 423 F.2d 697 (1970), cert. denied, 402 U.S. 943, 91 S.Ct. 1607, 29 L.Ed.2d 111 (1971). While none of these cases specifically decided the question before us, we believe they are entitled to our consideration in reaching a decision, since they all apparently involved plea bargaining.

Secondly, the Second and Third Circuits have specifically held that the *Brady-Parker-McMann* trilogy[2] is no bar to vacation of a guilty plea to § 4744(a). Richard Gordon Bannister v. United States of America, 446 F.2d 1250 (3rd Cir. 1971); United States v. Liguori, *supra*. Those Circuits distinguished the trilogy from situations such as that before us, in which the crux of the problem is whether the defendant intended by his plea to waive an absolute defense to prosecution. The Third Circuit, in *Bannister*, further pointed out that, unlike the situation in *McMann*, the integrity of the conviction is precisely what is at stake when a guilty plea to § 4744(a) is challenged. This Court adopted the reasoning of *Liguori* in Scogin v. United States of America, *supra*.

Most importantly, however, we are persuaded that justice requires vacation of Hupert's conviction. While it is true, as the District Court recognized, that a defendant benefits by entering a guilty plea with the understanding that the government will dismiss additional charges, we cannot ignore the fact that the government and the judicial system also benefit from such an arrangement. The government not only saves itself the time and expense of a trial, it also achieves a sure conviction.[3]

---

2. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

3. Judges Seitz and Gibbons, concurring in *Bannister*, concluded that these considerations require vacation of a guilty plea to § 4744(a), stating:

"A fairly compelling argument can be made in favor of making a defendant live up to his plea bargain even when it results in his incarceration for conduct which could not constitutionally be made criminal. Accepting the now recognized policy of legitimizing plea bargains, * * * such a result would not shock us. One the other hand, the government and the judicial process both obtain substantial benefits from the plea bargain process. In view of those substantial benefits it is entirely reasonable that the government bear the risk that a statute to which it accepts a plea may

We believe that when a defendant has pleaded guilty to ·a statute prior to the time that an absolute, retroactively applicable defense is declared, the validity of the guilty plea is destroyed. The premise underlying a plea bargain is that both the charges to which a defendant pleads, and those which the government dismisses, state constitutionally punishable crimes. *Leary* destroyed that premise insofar as Hupert's guilty plea is concerned.

The Fifth Circuit has squarely held that a defendant in Hupert's position is entitled to have his conviction vacated upon a § 2255 motion, even though the plea bargain involved dismissal of counts on which the defendant could have been convicted. Harrington v. United States of America, 444 F.2d 1190 (5th Cir. 1971). We believe that this is the correct result, and that Hupert should be permitted to disavow his plea. We note that he has completed his five year sentence, which is the minimum sentence under § 4742(a).

The Fifth Circuit concluded that the government would be permitted to reprosecute Harrington under § 4742 following vacation of his § 4744 conviction. We need not reach this question since it has not been raised on appeal.[4]

We reverse the judgment of the District Court. The judgment of conviction and the sentence are vacated.

---

later be held to be unconstitutional as applied to the defendant's conduct. Weighing the competing considerations we conclude that the government should bear this risk."
Bannister v. United States of America, 446 at 1265 (3rd Cir. 1971).

4. See, 18 U.S.C. § 3282; Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970); concurring opinion of Judges Seitz and Gibbons in Bannister v. United States of America, *supra*; Judge Lumbard's concurring opinion in United States v. Liguori, 430 F.2d 842 (2nd Cir. 1970), cert. denied, 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1970).