**UNITED STATES of America,
Appellee,**

v.

**Nancy MOODY, Appellant.**

**No. 71–1136.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1972.

Decided June 5, 1972.

John R. Murphy, Jr., Kansas City, Mo., for appellant.

Sheryle L. Randal, Asst. U. S. Atty., Bert C. Hurn, U. S. Atty., Anthony P. Nugent, Jr., Asst. U. S. Atty., for appellee.

Before MATTHES, Chief Judge, and LAY and ROSS, Circuit Judges.

MATTHES, Chief Judge.

This case stems from an alleged narcotics distribution conspiracy in Kansas City, Missouri, discussed more fully in our opinion filed today in United States v. Cox et al., 462 F.2d 1293 (8th Cir. 1972). Appellant Nancy Moody was tried and found guilty on two of the thirty counts in the indictment. One count charged a violation of 18 U.S.C. § 2 by aiding and abetting the sale of a narcotic drug without a proper order form from the purchaser, a violation of 26 U.S. C. § 4705(a). The other count charged a violation of 18 U.S.C. § 2 by aiding and abetting the purchase and possession of

narcotics not in or from a properly stamped package, a violation of 26 U.S.C. § 4704(a). Judgment was entered sentencing appellant to eight years on each count, her sentences to run concurrently. This appeal followed.

The prosecution's evidence consisted of three witnesses, the principal witness being the special agent who made the purchase. He testified that after his informer had entered Walton Froniabarger's house, the informer returned to the agent's car to report that a sale by Froniabarger to the agent was set up. The agent and informer then entered the house, whereupon Froniabarger and Mrs. Moody emerged from another room. Froniabarger had a small, tinfoil package in his hand, but refused to act because he didn't know the agent. After the informer assured Froniabarger that the agent was a Black Muslim, Froniabarger had an inaudible conversation with Mrs. Moody and gave her the tinfoil package. She walked across the room, gave the package to the agent and received $60 in return. The agent opened the package, and, in Mrs. Moody's presence, ascertained that there were four capsules. There is no evidence of any other actions or conversations by Mrs. Moody or in her presence. Chemical analysis showed the capsules' contents to be 47% heroin.

■ ■ Appellant's sole contention on appeal is that there was insufficient evidence from which a jury could conclude beyond a reasonable doubt as to either count that her actions were with knowledge that she was participating in an illegal transaction. Since such knowledge is an essential element of the offense of aiding and abetting, appellant contends the verdicts cannot stand.

It is axiomatic, however, that subjective knowledge can be proven only by inferences from objective circumstances. Here, it clearly could be inferred beyond reasonable doubt that Mrs. Moody was aware that the substance possessed and sold was contraband. Accordingly, the conviction is affirmed.