UNITED STATES of America,
Appellee,

v.

Ricky Gene GARRISON, Appellant.

No. 75–1551.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1975.

Decided Dec. 5, 1975.

Rehearing Denied Jan. 15, 1976.

abetting in the theft of an interstate shipment of chattels with a value in excess of $100.00 in violation of 18 U.S.C. §§ 659 and 2. He was found guilty after trial by jury and sentenced to three years imprisonment under 18 U.S.C. § 3651. Two and one-half years of the sentence was suspended to be served on probation. On appeal, he challenges the sufficiency of the indictment, the manner of sentencing, and the length of the sentence. We affirm.

Garrison first contends the indictment was defective because: (1) it failed to allege that he acted with criminal intent; (2) it failed to allege the manner in which he aided and abetted; and (3) it failed to identify the stolen goods or their owner.

While knowledge is an essential element of the crime of aiding and abetting, *United States v. Moody,* 462 F.2d 1307, 1308 (8th Cir. 1972), it is not part of the statutory language of 18 U.S.C. § 2 and need not be alleged in the indictment. *Grant v. United States,* 291 F.2d 746, 748–749 (9th Cir. 1961), *cert. denied,* 368 U.S. 999, 82 S.Ct. 627, 7 L.Ed.2d 537 (1962). Further, it is not necessary that an indictment state how and in what manner the defendant aided and abetted another in the commission of an offense against the United States. *Coffin v. United States,* 156 U.S. 432, 448, 15 S.Ct. 394, 39 L.Ed. 481 (1894); *United States v. Simmons,* 96 U.S. 360, 363, 24 L.Ed. 819 (1878); *Hale v. United States,* 25 F.2d 430, 434 (8th Cir. 1928). Finally, the indictment did describe the nature of the stolen goods, and the prosecutor's file, containing explicit information relating to the identity of the goods, as well as the time, place and manner of their theft, was open for the defendant's examination. *See Application of Kiser,* 419 F.2d 1134, 1138 (8th Cir. 1969); *Sterling v. United States,* 333 F.2d 443, 445 (9th Cir.), *cert. denied,* 379 U.S. 933, 85 S.Ct. 333, 13 L.Ed.2d 344 (1964).

Garrison's second contention is that his sentencing was improper because the District Court failed to state reasons for its finding that he would not benefit

John M. Fincher, North Little Rock, Ark., for appellant.

Samuel A. Perroni, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Ricky Gene Garrison was charged in a one-count indictment with aiding and

**1000**

from treatment under the Federal Youth Corrections Act, 18 U.S.C. § 5010.

■■■■ The defendant on the day of sentencing was twenty-five years of age. He was a "young adult offender" within the meaning of 18 U.S.C. § 4209 and, as such, was not entitled to an explicit "no benefit" finding under 18 U.S.C. § 5010. *United States v. Gambo-Cano,* 510 F.2d 598 (5th Cir. 1975); *Roddy v. United States,* 509 F.2d 1145, 1147 (10th Cir. 1975); *United States v. McDonald,* 156 U.S.App.D.C. 338, 481 F.2d 513, 515 (1973). Moreover, even if he was entitled to a "no benefit" finding, it is sufficient for the court to so state without providing its underlying rationale. *Dorszynski v. United States,* 418 U.S. 424, 426, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974).

■■ Garrison's final contention is that he was denied due process and equal protection of the laws because his sentence, after trial to a jury, was greater than that imposed upon his codefendant who pled guilty. The codefendant, Noyle Wayne Boyd, was also sentenced to three years imprisonment, but all time was suspended to be served on probation.

There is nothing in the record to show that the defendant's sentence was anything but the product of the court's reasoned discretion. It is devoid of any evidence that the District Court has a policy to sentence those defendants who go to trial more harshly than those who plead guilty or that such was the case here. *United States v. Marzette,* 485 F.2d 207 (8th Cir. 1973), *cert. denied,* 415 U.S. 980, 94 S.Ct. 1570, 39 L.Ed.2d 877 (1974).

Affirmed.