**UNITED STATES of America, Appellee,**

**v.**

**Duane Wendall LARSON, Appellant.**

**No. 85–5288.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1986.

Decided July 22, 1986.

Rehearing and Rehearing En Banc Denied Oct. 24, 1986.

Raymond J. Smith, Chicago, Ill., for appellant.

Richard Vosepka, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

HENLEY, Senior Circuit Judge.

Duane Wendall Larson made numerous monetary transactions for slightly less than $10,000.00 each in an attempt to avoid the Currency and Foreign Transactions Reporting Act, 31 U.S.C. § 5313(a), which requires banks to report transactions in excess of $10,000.00. The district court held that Larson's conduct violated the law and convicted him for concealing material facts from the government, a violation of 18 U.S.C. § 1001, and aiding and abetting, a violation of 18 U.S.C. § 2. He was sentenced to five years imprisonment and fined $10,000.00 on each of two counts. The sentences are to run consecutively. On appeal, Larson argues that his conviction violated his due process rights because he had no fair warning that his conduct was illegal. We agree and reverse the conviction.

The facts here are relatively undisputed. In the District of Minnesota, on September 17, 1982 Larson purchased with currency ten cashier's checks or money orders in five separate transactions, for a total of $44,500.00. Each transaction involved an amount slightly less than $10,000.00. The transactions occurred at four different locations at the F & M Marquette National

Bank[1] and at the National City Bank. Similarly, on November 30, 1982 Larson purchased twelve cashier's checks or money orders in six separate transactions, for a total of $53,300.00. Again, each transaction was for slightly less than $10,000.00. Three transactions occurred at branches of the F & M Marquette Bank, two transactions occurred at branches of the National City Bank, and one transaction occurred at the Western State Bank. Larson used false remitter names when obtaining the checks and money orders. On those occasions, however, when he was confronted by bank officials and questioned about his transactions he gave his correct name and address.

The Currency and Foreign Transactions Reporting Act (Reporting Act), 31 U.S.C. § 5313(a), authorizes the Secretary of the Treasury to require domestic financial institutions and any other participant in a monetary transaction to file a currency transaction report (CTR) with the Secretary. The regulation enacted by the Secretary, 31 C.F.R. § 103.22(a), requires only that the financial institution file a report, and then only if the monetary transaction exceeds $10,000.00. The regulation does not require other participants, such as Larson, to file a report, nor does it require them to inform the bank about other currency transactions they have made.

The government charged Larson with concealing material facts from the government, a violation of § 1001, because his structured transactions caused the banks to fail to file CTRs. Larson argues that he did not have sufficient warning that his conduct was illegal, and therefore his conviction violates his constitutional rights. We must decide whether criminal sanctions for causing a bank to fail to file a CTR by not disclosing structured monetary transactions violates the fair warning provision of the due process clause of the fifth amendment.

This issue has created a split in the circuits. The First and Ninth Circuits hold that a conviction under § 1001 violates the due process clause because the Reporting Act imposes no duty to disclose the structured transactions to the bank, and thus a person has no fair warning that his conduct is illegal. *United States v. Anzalone*, 766 F.2d 676, 682–83 (1st Cir.1985); *United States v. Varbel*, 780 F.2d 758, 760–63 (9th Cir.1986). The Eleventh Circuit, however, has stated that it is not necessary that there be a duty to disclose where the defendant knowingly caused the bank to fail to report currency transactions. *United States v. Tobon-Builes*, 706 F.2d 1092, 1099 (11th Cir.1983). *See also United States v. Thompson*, 603 F.2d 1200, 1202–04 (5th Cir.1979) (chairman of bank board violated 31 U.S.C. § 1081 (now § 5313(a)) by structuring loan payments so bank would not file a CTR); *United States v. Cook*, 745 F.2d 1311, 1314–16 (10th Cir.1984) (conviction under § 5313(a) upheld where defendant wilfully caused a bank to fail to file a CTR), *cert. denied*, —— U.S. ——, 105 S.Ct. 1205, 84 L.Ed.2d 347 (1985).

On one occasion we briefly discussed the duty to inform banks of structured payments. *See United States v. Massa*, 740 F.2d 629, 645 (8th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985). In *Massa*, however, the constitutional due process issue was neither raised nor discussed. We have now examined this issue and we find the reasoning of the First and Ninth Circuits to be persuasive. Since criminal laws are strictly construed and any ambiguity is to be resolved in favor of lenity, *United States v. Enmons*, 410 U.S. 396, 411, 93 S.Ct. 1007, 1015, 35 L.Ed.2d 379 (1973), we hold that Larson cannot be guilty of concealing material facts unless there was a duty to disclose the facts. *See Anzalone*, 766 F.2d at 683 (in order to be guilty of concealing facts there must be a duty to disclose the facts); *United States v. Irwin*, 654 F.2d 671, 678 (10th Cir.1981) (there must be a duty to disclose facts), *cert. denied*, 455 U.S. 1016, 102 S.Ct. 1709, 72 L.Ed.2d 133

---

1. It is disputed whether the transactions occurred at different teller stations within the same bank or at branch banks. This distinction is not relevant to our analysis.

(1982). Since the Reporting Act imposed no duty on Larson to disclose his conduct to the banks, we hold that Larson was not guilty of concealing information from the government. His due process rights were violated when criminal sanctions were imposed against him because he had no fair warning that his conduct was illegal.

■ Larson's conviction under 18 U.S.C. § 2 also fails because he did not aid, abet or cause the banks to commit a crime. If the banks were unaware that Larson was structuring his transactions, then they committed no offense by failing to file CTRs. *See Varbel,* 780 F.2d at 762; *Anzalone,* 766 F.2d at 683.

To hold that Larson's conduct violated the law would stretch statutory interpretation beyond acceptable limits. Criminal sanctions should not be imposed for conduct which is not clearly illegal. Larson's conviction for violation of 18 U.S.C. § 1001 and § 2 is reversed.[2]

---

**2.** In light of our decision on the constitutional issue, it is unnecessary to discuss the other issues raised on appeal.