**UNITED STATES of America, Appellee and Cross–Appellant,**

v.

**Hugh J. SHANNON a/k/a Hughey J. Shannon, a/k/a Hugh J. Shannon, Appellant and Cross–Appellee.**

**Nos. 87–1158, 87–1159.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1987.

Decided Jan. 12, 1988.

Rehearing Denied in No. 87–1158 March 10, 1988.

James Wyrsch, Kansas City, Mo., for appellant and cross-appellee.

David Jones, Asst. U.S. Atty., Springfield, Mo., for appellee and cross-appellant.

Before HEANEY, Circuit Judge, McMILLIAN, Circuit Judge and BEAM,[*] District Judge.

BEAM, District Judge.

Hugh J. Shannon was convicted by a jury of unlawfully failing to file a currency transaction report (CTR) with the Internal Revenue Service (IRS) in violation of 31 U.S.C. §§ 1058 and 1081, of obstructing justice by tampering with a witness in violation of 18 U.S.C. § 1503, and of obstructing justice by destroying subpoenaed records in violation of 18 U.S.C. § 1503. The district court[1] sentenced Shannon to one year imprisonment on each count, to be

---

[*] The Honorable C. Arlen Beam, Chief United States District Judge for the District of Nebraska, sitting by special designation. On November 9, 1987, Judge Beam was confirmed as a United States Circuit Judge for the Eighth Circuit.

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

served concurrently. The jury also found Shannon guilty of willfully concealing a material fact from an agency of the federal government in violation of 18 U.S.C. §§ 2 and 1001. Following trial, however, the district court granted Shannon's motion for a judgment of acquittal on this count. On appeal, Shannon argues that there was insufficient evidence to convict him on all counts, and that the district court improperly admitted evidence under Fed.R.Evid. 404(b) regarding previous instances of undocumented cash transactions involving the defendant. In addition, the government cross-appeals alleging that the district court improperly granted Shannon's motion for a judgment of acquittal. The court has considered these arguments and finds that the decision of the district court should be affirmed in all respects.

## I. BACKGROUND

Shannon became the chairman of the board of the Farmers and Merchants Bank of Mansfield, Missouri, in 1971.[2] Over the next eleven years, Shannon controlled the day-to-day operations of the Bank, acting during most of this period as its president. During this time, Shannon became acquainted with Lowell Marchant, a local businessman who operated a lumber business in nearby Springfield, Missouri, and maintained his bank accounts at Farmers and Merchants. In October of 1978, Marchant obtained a large amount of cash and loaned $120,000.00 to Shannon. The money was deposited in cash at the Mercantile Bank of Springfield into the correspondent account maintained at Mercantile by Farmers and Merchants. The teller who received the deposit testified that she could not remember who made the deposit, but did state that Shannon and one of his associates at Farmers and Merchants were the only persons who ever deposited funds into the Farmers and Merchants correspondent account. Shannon denied making the deposit personally.

Following the Mercantile deposit, the funds were used, in part, to purchase a certificate of deposit issued in the name of Shannon's wife. The balance of the funds was transferred into the account of an automobile dealership owned by Shannon. At no time was a CTR filed with respect to these funds by either Mercantile or Farmers and Merchants.

## II. SUFFICIENCY OF THE EVIDENCE

In reviewing challenges to the sufficiency of the evidence, an appellate court will not reverse if it finds that the jury "could have reasonably inferred guilt beyond a reasonable doubt," when the evidence is considered in the light most favorable to the government. *United States v. McKnight*, 799 F.2d 443, 447 (8th Cir.1986); *see United States v. Mueller*, 663 F.2d 811, 813 (8th Cir.1981). A review of the record in this case reveals ample evidence to support Shannon's conviction on each count.

### A. Failure to File a CTR; 31 U.S.C. § 1058

The government's theory under Count III of the indictment is that the $120,000.00 loan from Marchant to Shannon and the deposit of these funds into the Farmers and Merchants correspondent account were two parts of a scheme to conceal the existence of these funds from the IRS. This was done, argues the government, by the circumvention of currency transaction reporting requirements.

Shannon's liability under Count III is premised on the Bank Secrecy Act of 1971, and its implementing regulations, which require financial institutions to file a CTR for any currency transaction exceeding $10,000.00. 31 U.S.C. §§ 1058, 1081 (1976).[3] Shannon asserts that he was under no duty to file a CTR under the circumstances alleged in the indictment, and that his conviction pursuant to section 1058 cannot, therefore, be upheld. We find Shannon's argument to be without merit.

---

**2.** The Bank's name was later changed to the Southern Missouri Bank, and is referred to as such in much of the record.

**3.** These statutes have been revised since the origination of the prosecution against Shannon and are now found at 31 U.S.C. §§ 5313, 5322 (1985). *See also* 31 C.F.R. § 103.22 (1985).

The testimony adduced at trial reveals that Shannon was aware of the CTR reporting requirements, knew that the money loaned to him by Marchant was personal in nature rather than funds of the Bank, knew that the funds had been deposited into the Farmers and Merchants correspondent account, yet failed to cause either Farmers and Merchants or Mercantile to file the proper documentation with the IRS. As chairman of the board of Farmers and Merchants and as the individual responsible for the Bank's day-to-day operations, Shannon was aware of the impropriety of depositing personal funds into a Farmers and Merchant's correspondent account if the transaction results in evasion of CTR requirements. Thus, under the evidence adduced, a jury finding that Shannon knew of the improper deposit and knew that he should have caused a CTR to be filed was appropriate. In light of Shannon's position of control at Farmers and Merchants, to decide otherwise would thwart the purpose of the reporting statutes. *See United States v. Massa,* 740 F.2d 629, 645 (8th Cir.1984), *cert. denied,* 471 U.S. 1115, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985).

The defendant's reliance on *United States v. Larson,* 796 F.2d 244 (8th Cir. 1986), is misplaced. There, this court reversed the defendant's conviction under the currency transaction reporting laws, holding that the defendant was without fair warning that his conduct was illegal. The defendant in *Larson,* however, unlike Shannon, structured his transactions so that each individual deposit amounted to slightly less than $10,000.00. Such a circumstance was crucial to the court's decision in *Larson.* Thus, *Larson* has no impact upon our decision here.

### B. Witness Tampering; 18 U.S.C. § 1503

Shannon's conviction under Count VI of the indictment involves his conversation with a former teller at Farmers and Merchants, Jacklyn Gray. Gray testified that Shannon approached her during the period of time when agents of both the Federal Bureau of Investigation and the IRS were investigating Shannon's activities and ad-

vised her that it would be "in her best interest" to forget about any large currency transactions which she may have processed while a teller at the bank. The defendant contends that this evidence cannot support his conviction because the government did not prove that Gray was ever a witness before the grand jury, or that Shannon knew that Gray was to be a grand jury witness.

■ This argument is also without merit. A conviction under section 1503 for attempting to influence a witness is appropriate so long as there is a possibility that the target of the defendant's activities will be called upon to testify in an official proceeding. In other words, a person may be convicted of obstructing justice if he urges or persuades a prospective witness to give false testimony. *United States v. Risken,* 788 F.2d 1361, 1369 (8th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 329, 93 L.Ed.2d 302 (1986); *see United States v. Friedland,* 660 F.2d 919, 931 (3d Cir.1981), *cert. denied,* 456 U.S. 989, 102 S.Ct. 2268, 73 L.Ed.2d 1283 (1982). Neither must the target be scheduled to testify at the time of the offense, nor must he or she actually give testimony at a later time.

■ In this case, Jacklyn Gray's knowledge of facts significant to the Shannon investigation is undisputed. It is also not disputed that Gray did eventually make a statement to government investigators. The court believes that it was reasonable for the jury to find that Shannon thought Gray was or would be a grand jury witness at the time of their conversation. The record contains sufficient evidence to sustain Shannon's conviction on this count.

### C. Destruction of Subpoenaed Records; 18 U.S.C. § 1503

■ Likewise, the court finds the evidence sufficient to uphold Shannon's conviction under count VII of the indictment, charging the destruction of subpoenaed bank records in violation of section 1503. The evidence reveals that numerous relevant documents subpoenaed from Farmers and Merchants were either destroyed or

made useless. From the evidence, the jury could have reasonably believed that these actions were taken at Shannon's direction. Shannon's conviction on this count shall be upheld. *See McKnight,* 799 F.2d at 447.

### III. EVIDENCE OF PRIOR BAD ACTS; RULE 404(b)

■ Shannon next challenges the admission of the testimony of several government witnesses, each of whom testified about other instances where large currency transactions were made at Farmers and Merchants without the filing of a CTR.

The district court may admit evidence of past crimes or bad acts relevant to any issue at trial other than propensity. *United States v. Simon,* 767 F.2d 524, 526 (8th Cir.), *cert. denied,* 474 U.S. 1013, 106 S.Ct. 545, 88 L.Ed.2d 474 (1985); Fed.R.Evid. 404(b). To be admissible:

> (1) the evidence of the bad act must be admissible on a material issue raised; (2) the evidence must be similar in kind and reasonably close to the charge at trial; (3) the evidence of the other crime or bad act must be clear and convincing; and (4) the probative value of the evidence must not be outweighed by its prejudice.

*United States v. Marshall,* 683 F.2d 1212, 1215 (8th Cir.1982) (citations omitted). The district court has broad discretion under Rule 404(b), and its decision will not be set aside absent a clear showing of abuse. *United States v. Woolbright,* 831 F.2d 1390, 1398 (8th Cir.1987); *United States v. York,* 830 F.2d 885, 894 (8th Cir.1987).

Three individuals, Harold Burdine, James Watts and R.G. Hudspeth, testified regarding currency transactions made at Farmers and Merchants in an amount greater than $10,000.00. Mr. Burdine and Mr. Watts testified to personally making these large deposits in cash at the Bank. Mr. Hud-speth recalled making a large deposit but did not remember whether or not the deposit was made in currency. Other witnesses, tellers at the Bank and government investigators, testified at various points during the trial that each of these deposits had been received at Farmers and Merchants, each was a deposit of currency in excess of $10,000.00, and that in no case was a CTR filed by Farmers and Merchants with regard to the transaction.

The district court did not abuse its discretion in receiving this testimony. Evidence of other instances where Farmers and Merchants failed to file a CTR, when warranted, is directly relevant to the issues of Shannon's intent and lack of mistake or accident. While there was some conflict between the statements of various witnesses, we cannot say that the proof of prior bad acts permitted by the district court clearly fails to meet the requirements of admissibility under Rule 404(b).[4]

### IV. GOVERNMENT'S CROSS-APPEAL; 18 U.S.C. §§ 2 and 1001

Finally, the government has cross-appealed on the district court's decision to grant the defendant's motion for a judgment of acquittal on count II. This count charged the defendant with concealing a material fact in violation of 18 U.S.C. §§ 2 and 1001. The government alleged that by concealing from the Mercantile Bank the fact that the funds deposited into the Farmers and Merchants correspondent account were personal in nature, Shannon caused Mercantile to fail to file a CTR. The district court dismissed the count, reasoning that the government failed to present sufficient evidence to support a conviction. We agree.

■ To establish a concealment violation of section 1001, the government must

---

**4.** During oral argument, the defendant, for the first time, asserted that the government offered the testimony of Mr. Hudspeth as a subterfuge to get the otherwise inadmissible testimony of Agent Robert Hart before the jury. The defendant refers the court to cases where the government has put a "strawman" witness on the stand solely for the purpose of offering prior inconsistent statements of the witness, which would be otherwise inadmissible hearsay, for impeach-ment purposes. *See, e.g., United States v. Webster,* 734 F.2d 1191, 1192 (7th Cir.1984); *State v. Ashker,* 412 N.W.2d 97, 100–01 (S.D.1987). There is no indication from the record that such was the case here. Any impeachment offered by the government with regard to Mr. Hudspeth's testimony was within the bounds of the Federal Rules of Evidence and properly admitted by the district court.

prove more than just a passive failure on the part of the defendant to reveal a material fact. Rather, the government must prove an affirmative act by which a material fact is actively concealed. *See United States v. Ford*, 797 F.2d 1329, 1334 (5th Cir.1986), *reh'g granted*, 811 F.2d 268 (5th Cir.), *vacated in part on other grounds*, 824 F.2d 1430 (5th Cir.1987); *United States v. London*, 550 F.2d 206, 212–13 (5th Cir. 1977). Here, while the evidence did show that Shannon knew about the deposit and its personal nature, there was no evidence that the defendant took affirmative steps to conceal these facts from Mercantile. As the district court explained, the government offered no evidence that the defendant made out the deposit slip himself or caused it to be made. Likewise, while the teller who received the deposit testified that she remembers Shannon and one other Farmers and Merchants employee as the only persons who made cash deposits into the Farmers and Merchants correspondent account, she also said that she could not remember who made the $120,000.00 deposit on October 25, 1978. We agree with the district court that such evidence is not sufficient to sustain a conviction under section 1001. The court believes that this matter is of the type envisioned by the Supreme Court in *United States v. Woodward*, 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985), where the Court explained that factual situations could arise which support a conviction under the currency transaction reporting laws yet fail to meet the requirements of section 1001. *Id.* at 108, 105 S.Ct. at 612. Shannon's conduct in this case, as proven by the government, amounts only to passive acquiescence in the wrongful deposit. While sufficient to support liability under 31 U.S.C. § 1058, such conduct is insufficient to support a conviction under section 1001. The government's cross-appeal, is, therefore, without merit.

## V. CONCLUSION

The court has examined, in addition to the specific allegations discussed herein, the numerous additional allegations of error asserted by the defendant, including those involving prosecutorial misconduct

and the statute of limitations. Upon a review of the record, the court finds each to be without merit. The decision of the district court is affirmed in all respects.