UNITED STATES of America, Appellee,

v.

Richard W. "Rick" MORGAN, Appellant.

Nos. 91–1010, 91–1164.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1991.

Decided March 11, 1992.

Albert Wayne Davis, Little Rock, Ark., argued, for appellant.

Michael D. Johnson, Little Rock, Ark., argued (Charles A. Banks, on brief), for appellee.

Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and HUNTER,* Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

Richard W. Morgan appeals the district court's denial of his motion to withdraw his guilty plea made in connection with a seven-count information charging him with various drug-related offenses. Granting Morgan partial relief, the district court set aside two counts of the plea relating to money laundering on the basis of *United States v. Larson*, 796 F.2d 244 (8th Cir. 1986), an Eighth Circuit case decided after Morgan's sentencing. Morgan also claims that the district court improperly struck certain testimony Morgan offered at his remand hearing. Additionally, he alleges that an Assistant United States Attorney's

* The HONORABLE ELMO B. HUNTER, Senior United States District Judge for the Western District of Missouri, sitting by designation.

ex parte contact induced him to make an involuntary guilty plea. The government cross-appeals, claiming that the district court erred in setting aside any of the counts in Morgan's plea. We affirm the judgment of the district court.[1]

The government originally charged Morgan with 73 counts in an 88–count indictment. Morgan was charged with one count of operating a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (1988); one count of conspiracy to distribute drugs, in violation of 21 U.S.C.A. § 846 (1988); five counts of possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (West Supp.1990); eight counts of using a communication facility to facilitate drug dealing (the "wire" counts), in violation of 21 U.S.C. § 843(b) (1988) and 18 U.S.C. § 2(a), (b) (1988); one count of subscribing to a false tax return, in violation of 26 U.S.C. § 7206(1) (1988); one count of investing money obtained by illegal activity into a legitimate business, in violation of 21 U.S.C. § 854 (1988); and two counts of criminal forfeiture of assets, in accordance with 21 U.S.C. § 853(a) (1988). The government also charged Morgan with two sets of money laundering counts: twenty-seven counts of causing a financial institution to fail to file currency transaction reports (CTRs), in violation of 31 U.S.C. §§ 5313 and 5322(b) (1988); and twenty-seven counts of concealing or falsifying material facts from a government agency, in violation of 18 U.S.C. § 1001 (1988).

Before trial, Morgan entered into a written plea agreement with the government. The government filed a superseding information, containing single counts of conspiracy, filing a false tax return, investing illicit drug proceeds, and forfeiture of Morgan's property. The government combined the previous wire counts into a single count. It also combined the previous money laundering counts into two separate counts: Count 3 combined all of the CTR charges, and Count 4 combined all of the withholding material facts counts. In exchange for Morgan's agreement to plead guilty, the government dropped the continuing criminal enterprise charge, which carried a mandatory minimum 10–year sentence without parole, dismissed the substantive possession counts, and agreed to release certain assets from the forfeiture action. The district court accepted Morgan's guilty plea and sentenced him to consecutive terms of imprisonment on the counts for a total term of 25 years.

After Morgan's sentencing, this court held in *Larson* that banking regulations imposed no duty on an individual with respect to CTR filings, and thus an individual could not be found guilty of concealing material facts from the government, in violation of 18 U.S.C. § 1001. 796 F.2d at 247. Morgan, who had previously filed a number of unsuccessful motions to amend, modify, or set aside his guilty plea, filed a memorandum on April 9, 1987, asking the district court to reconsider his motion to set aside his guilty plea on the basis of *Larson*. The district court denied Morgan's motion and Morgan appealed. This court remanded the case, directing the district court[2] to consider the applicability of *Larson*. *United States v. Morgan*, No. 87–1562, slip op. (8th Cir. Aug. 3, 1987).

The district court set aside the money laundering counts, Counts 3 and 4, each of which carried three-year sentences, and reduced Morgan's total sentence from 25 years to 19 years. *United States v. Morgan*, No. LR–CR–86–12(i), slip op. at 3 (E.D.Ark. Oct. 2, 1990). However, the district court refused to set aside Morgan's entire guilty plea, finding it unbelievable that the money laundering counts in the information were " 'the' or even 'a' motivating factor in inducing the plea agreement and the plea of guilty." *Id.* at 2. The district court found Morgan's testimony "not to be credible," *Id.* at 3, and also determined that Morgan "failed to demon-

---

1. The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

2. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas, originally presided over this case, but died before this court granted remand, and Judge Reasoner succeeded him.

strate that his plea was not voluntarily and intelligently made." *Id.*

On appeal, Morgan raises three arguments: (1) *Larson* rendered his entire guilty plea invalid, and the district court erred in failing to set it aside; (2) the district court erroneously struck the testimony Morgan gave at his hearing on remand because he refused to answer certain questions on cross-examination, claiming a fifth amendment privilege against self-incrimination; and (3) Morgan did not make a voluntary and intelligent guilty plea because an Assistant United States Attorney improperly induced him into making the plea during an ex parte communication. The government cross-appeals, arguing that the district court incorrectly set aside Morgan's guilty plea on the two money laundering counts.

## I.

■ Morgan argues that the district court erred in invalidating only the money laundering counts of his guilty plea. Morgan claims that his entire plea was invalid because there was a "failure of consideration" in that the plea negotiations involved criminal counts which *Larson* later nullified. He alleges that his "bargaining position would have been substantially better" if the government had not charged him with the "non-existent" crimes. Morgan relies on *Hupert v. United States,* 448 F.2d 668 (8th Cir.1971), and *Harrington v. United States,* 444 F.2d 1190 (5th Cir.1971), for the premise that his entire plea is rendered invalid after *Larson.* In *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Supreme Court rejected a claim similar to Morgan's, stating:

[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.

. . . .

. . . . We find no requirement in the constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply be-

cause it later develops that the State would have had a weaker case than the defendant had thought or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions.

Morgan has no basis to withdraw his entire guilty plea simply because *Larson* invalidated two of the seven counts against him.

Moreover, Morgan's reliance on *Hupert* and *Harrington* is misplaced. In those cases, the only counts contained in the defendants' guilty pleas were based on laws that were later ruled invalid. Once the courts of appeal set aside the guilty pleas, no valid counts remained against the defendants. *Hupert,* 448 F.2d at 669, 671; *Harrington,* 444 F.2d at 1191–93. The district court correctly recognized this factual distinction between those cases and Morgan's situation, and set aside only the money laundering counts, stating that this was the full extent of relief *Larson* allowed.

■ Hence, the underlying issue is the validity of Morgan's guilty plea to the remaining counts in the information. We must determine whether Morgan's plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). While we normally review the district court's denial of a motion to withdraw a guilty plea under an abuse of discretion standard, *see United States v. Abdullah,* 947 F.2d 306, 311 (8th Cir.1991), the district court's decision here hinged upon the voluntariness of Morgan's original guilty plea. This is a mixed question of law and fact subject to our independent review. *Blalock v. Lockhart,* 898 F.2d 1367, 1370 (8th Cir.1990).

We observe at the outset that the district judge used extreme care in determining that Morgan's initial decision to plead guilty was a voluntary, intelligent, and rational choice. While Morgan claimed at the remand hearing that the potential 270–year sentence on the original money laundering charges induced him to agree to a plea bargain, the evidence indicates otherwise. For example, Morgan's attorney, Paul

Johnson, admitted during the hearing on remand that the most significant and serious charge was the continuing criminal enterprise count (CCE), which carried a mandatory minimum ten-year sentence. Johnson also acknowledged that throughout plea negotiations, the government had insisted on including the CCE count in any plea agreement. Johnson further agreed that the government had substantial evidence against Morgan on the conspiracy and possession counts, and admitted he was aware that a number of Morgan's co-conspirators were willing to testify for the government at trial. Under the plea agreement, the government agreed to dismiss the CCE count and the four possession counts. The government also agreed to combine eight wire counts, each carrying a potential four-year sentence, into a single count with a maximum four-year sentence. These factors taken together demonstrate that, regardless of the money laundering counts, Morgan's choice to plead guilty to the seven-count information was the product of a voluntary, rational, and intelligent choice. The district court did not err in reaching this conclusion, nor did it abuse its discretion in refusing to set aside the entire guilty plea.

■ Furthermore, even if Morgan felt induced to plead guilty based upon the money laundering counts, this would be no basis to allow a withdrawal of his plea. In *Alford*, the defendant agreed to plead guilty to second-degree murder and receive a life sentence rather than stand trial on a first-degree murder charge and face the jury's possible imposition of the death penalty. 400 U.S. at 27–28, 91 S.Ct. at 162. After defendant's sentencing, a United States Supreme Court decision, *United States v. Jackson*, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), invalidated a law similar to the one the *Alford* defendant was charged under on the basis that it forced defendants to waive their constitutional right to a jury trial simply to avoid the possibility of the death penalty. 390 U.S. at 581–83, 88 S.Ct. at 1216–17. The Court in *Alford* refused to allow the defendant to withdraw his guilty plea pursuant to *Jackson*, stating: "That [the defendant]

would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice...." 400 U.S. at 31, 91 S.Ct. at 164.

The same rationale applies here. Even if Morgan had entered his guilty plea to avoid a possible 270–year sentence on the original money laundering counts, it does not necessarily show that he did not make a free and rational choice in pleading guilty. The record fully supports the district court's finding that the reduced money laundering counts were not "a" or "the" motivating factor in Morgan's making the plea. We affirm the district court's holding that Morgan made a voluntary, intelligent, and rational choice to plead guilty.

## II.

■ The government argues that *Larson* did not invalidate Morgan's guilty plea to the two money laundering counts. The government notes *Larson's* reliance on *United States v. Anzalone*, 766 F.2d 676 (1st Cir.1985), but claims that a later First Circuit case, *United States v. Bank of New England, N.A.*, 821 F.2d 844 (1st Cir.), *cert. denied*, 484 U.S. 943, 108 S.Ct. 328, 98 L.Ed.2d 356 (1987), limited *Anzalone's* application. *Bank of New England* involved the criminal liability of a financial institution, not an individual customer, and is inapplicable to this case. *See Bank of New England*, 821 F.2d at 851. Moreover, *Bank of New England* did nothing to disturb the holding in *Anzalone* that we cited approvingly in *Larson:* "[T]he Reporting Act imposes no duty [upon an individual] to disclose the structured transactions to the bank, and thus a person has no fair warning that his conduct is illegal." *Larson*, 796 F.2d at 246 (citing *Anzalone*, 766 F.2d at 682–83). Additionally, the government cites *United States v. Nersesian*, 824 F.2d 1294, 1312 (2d Cir.), *cert. denied*, 484 U.S. 957, 108 S.Ct. 355, 98 L.Ed.2d 380 (1987), to uphold Morgan's plea on the money laundering counts, but it is contradictory to our holding in *Larson*, and we decline to follow it.

The government also tries to draw a factual distinction between *Larson* and this case, which we believe to be irrelevant. The details of how Larson and Morgan structured their transactions to cause the financial institutions to fail to file reports are not important. Under *Larson's* due process analysis, the existing law at the time[3] imposed no duty upon individuals to comply with the reporting requirements. *See Larson,* 796 F.2d at 247.

Finally, the government cites *United States v. Massa,* 740 F.2d 629, 645 (8th Cir.1984), *cert. denied,* 471 U.S. 1115, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985), a case in which this court held an individual criminally liable for structuring activities similar to the kind in which Morgan engaged here. The government points out the apparent conflict between *Massa* and *Larson,* and urges us to apply *Massa,* claiming it is still good law, since *Larson* did not overrule it. As we stated in *Larson,* however, the *Massa* defendant did not raise a due process argument as did the *Larson* defendant and Morgan. 796 F.2d at 246. *Massa* is distinguishable and *Larson* controls. Under *Larson,* the district court properly set aside the money laundering counts against Morgan.

### III.

Morgan claims that the district court improperly struck the testimony he gave at his hearing on remand as a sanction for his refusal to answer cross-examination questions based on his fifth amendment privilege. Morgan's argument is meritless. The district court stated that even if it had allowed Morgan's testimony into evidence, it found the testimony to be incredible. Because the district court's decision would have been the same regardless of Morgan's testimony, any error here is harmless.

### IV.

Morgan also claims that he did not make a voluntary, intelligent guilty plea because during an ex parte communication, an Assistant United States Attorney improperly induced Morgan to make the plea. The district court found Morgan's testimony regarding this claim to be "utterly unworthy of belief." Slip op. at 3. Our examination of the record leads us to conclude that the district court's finding is not clearly erroneous, and we reject this argument without further discussion.

We affirm the district court's judgment.

---

**3.** 31 U.S.C. § 5324, which became effective January 1987, made clear that a customer's structuring cash transactions in such a way as to cause a financial institution to fail to file required reports is now a criminal act.