Doris M. FANT and James E. GADD
*v.* STATE of Arkansas

CR 75-152                              530 S.W. 2d 364

Opinion delivered December 15, 1975

*McArthur, Lofton & Wilson,* for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Doris M. Fant and James E. Gadd were charged with violation of the Uniform Controlled Substances Act, Act 590 of 1971 as amended, [Ark. Stat. Ann. §§ 82-2601—2638 (Supp. 1973)] by delivery of a controlled substance (heroin) on March 6, 1974. Upon conviction they appeal. Both argue that the evidence does not support the verdict because their actions did not constitute the offense charged.

The evidence on behalf of the state showed that Don Birdsong, an undercover police officer met appellants Fant and Gadd at Trailer 10 at 16619 Adams in Little Rock. He negotiated with Doris Fant for the purchase of one gram of heroin. She made two telephone calls, upon instructions of Gadd, who told her to "see if the stuff was there," after which Birdsong and Fant went to a house on 13th Street near MacArthur Park in a 1966 Volkswagen driven by Gadd. There Birdsong gave Doris Fant $120, she left the vehicle, returned 20 minutes later and delivered a tinfoil package containing heroin to Birdsong. They then returned to the trailer and Birdsong took his purchase to police headquarters where he stored it until chemically analyzed.

Gadd testified that: two girls working with Birdsong had come to Gadd's trailer on the date alleged; they had earlier asked Gadd if he could get a friend some heroin; later they brought Birdsong to the trailer; Fant was there then, and upon being requested, she agreed to get heroin for them; Gadd drove them to a place where there was a house into which Doris Fant went and obtained the heroin; he went according to her direction, since he was unfamiliar with Little Rock; Gadd did know what was "going on".

Fant testified that: she lived with Gadd in his trailer and met Birdsong and his feminine companion there; when they asked if she knew where they could get "a gram," she made a couple of calls and talked to Ricky Crouch and learned that he had some heroin; she then went to the Crouch address on 13th Street, took money from Birdsong and gave it to Crouch, obtained the heroin from Crouch, looked at it, and then took it back to Birdsong; Gadd participated only by driving the group to Crouch's place.

Appellants ask us to reconsider our holding in *Curry* v. *State*, 258 Ark. 528, 527 S.W. 2d 902 (1975), tacitly acknowledging we would have to overrule it to uphold their argument. This we decline to do. Appellant argues that we have misconstrued the basic authority cited in support of our decision in *Curry*. We think not. The definition of "delivery" by Ark. Stat. Ann. § 82-2601 (f) (Supp. 1973) includes actual delivery from one person to another of a controlled substance

in exchange for money, whether or not there is an agency relationship. This definition eliminates the "procuring agent" defense in a case where delivery is made by an agent of either the purchaser or seller, just as did the definition of delivery in the statute under consideration in *United States* v. *Pruitt*, 487 F. 2d 1241 (8th Cir., 1973). The Arkansas statute does not prohibit sale. It prohibits "delivery" as defined by the statute [Ark. Stat. Ann. § 82-2601 (f) (Supp. 1973)]. Cases such as *Sweatt* v. *State*, 251 Ark. 650, 473 S.W. 2d 913, which involved a charge of "selling or bartering" a hallucinatory drug under another statute,are not applicable under the present statute. Our reading of *United States* v. *Pruitt* discloses that the Eighth Circuit Court of Appeals made this very distinction, i.e., that the "procuring agent" defense is relevant to a charge of "selling" but not to a charge of "distribution." In the statute there under consideration, distribution was defined as delivery of a controlled substance. The definition of delivery in that act is virtually identical with the definition in our statute, except for the requirement in our act that the transfer be in exchange for money or anything of value. Here, there was a delivery by Fant to Birdsong in exchange for the money he gave her. We do not understand appellants' argument that there are material differences between the act involved in *Pruitt* and the act applicable here.

We might add that we also distinguish *Henderson* v. *State*, 255 Ark. 870, 503 S.W. 2d 889, which is apparently relied upon by appellants but cited as *Walters* v. *State*, 255 Ark. 904, 503 S.W. 2d 895. The question there was whether a witness was, as a matter of law, an accomplice of the deliverer of heroin. The role of the witness was, at most, that of "facilitator" of a delivery of heroin, acting on the part of the recipient, not the deliverer. The evidence indicated that the witness actually paid the alleged deliverer for the heroin, or arranged for its purchase, but did not participate in the delivery to Janice Sue Smith, the paramour of the witness and the person to whom the delivery was alleged to have been made.

Gadd also contends that the evidence is insufficient to show his complicity in the crime, claiming that he was a mere bystander. To say the very least, there was substantial

evidence to show that he not only stood by, but aided, abetted, and assisted Fant in the delivery, which supported a finding that he was an accessory who was punishable as a principal. Ark. Stat. Ann. § 41-119, 41-118 (Repl. 1964).

The judgment is affirmed.