Dorenda Gail FRETWELL v. STATE of Arkansas

CR 89-39                                    772 S.W.2d 334

Supreme Court of Arkansas
Opinion delivered June 26, 1989

306

*Jack M. Lewis,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. The appellant, Dorenda Gail Fretwell, was charged with capital murder in the aggravated robbery and

shooting death of Sherman Sullins. Upon advice of her attorney, she pleaded guilty to first degree murder and was sentenced to life imprisonment. She later filed a Rule 37 petition for post-conviction relief, and the trial judge appointed new counsel to represent her. After a hearing, the trial court denied her petition. Appellant now appeals from the order denying her relief, and for reversal, she contends that (1) her sentence was imposed in violation of the constitutions and laws of the United States and Arkansas; (2) her guilty plea was not made voluntarily, knowingly and intelligently; and (3) her guilty plea was not made with effective assistance of counsel. We agree that appellant's guilty plea was not made with effective assistance of counsel, and therefore, reverse and remand on that basis.

In alleging ineffective assistance of counsel, appellant has the burden of showing that the advice she received from her attorney was not within the range of competence demanded from attorneys in criminal cases. *Jones* v. *State*, 288 Ark. 375, 705 S.W.2d 874 (1986). Appellant must show that her counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's unprofessional errors, she would not have pled guilty but would have insisted on going to trial. *Furr* v. *State,* 297 Ark. 233, 761 S.W.2d 160 (1988); *Flaherty* v. *State*, 297 Ark. 198, 761 S.W.2d 167 (1988).

Appellant's most serious allegation on this point is that her guilty plea was given because of erroneous advice from her attorney regarding accomplice liability. The evidence was uncontradicted that appellant and her husband, Bobby Fretwell, along with an acquaintance named Steve Rigsbee, left Texas, driving a stolen truck, and were traveling through Arkansas when the truck broke down near the town of Marshall. Bobby Fretwell left to find a telephone, but the appellant and Rigsbee stayed and fell asleep in the disabled truck. Fretwell returned in a different truck, and the three continued on their journey. It was sometime after they resumed their journey that Fretwell informed the appellant and Rigsbee that he had killed a man and stolen the man's truck.[1] The

---

[1] Bobby Fretwell was convicted of capital murder and sentenced to death for killing of Sherman Sullins, and this court affirmed. *See Fretwell* v. *State*, 289 Ark. 91, 708 S.W.2d 630 (1986).

trio continued their travel which led to Nebraska, where they committed an armed robbery. They were eventually arrested in Wyoming.

At the hearing on the Rule 37 petition, appellant's former attorney testified and her testimony was consistent and in agreement with the foregoing facts. The attorney related that she had explained to appellant that appellant was as guilty of murder as her husband because she had aided and abetted him in his escape from Texas (where certain crimes had been committed), she had committed crimes in Arkansas, and she had aided in committing the armed robbery in Nebraska. The former attorney also had advised the appellant to accept the plea bargain, offering to reduce the capital murder charge to first degree murder. At the end of the Rule 37 hearing, the judge stated that he found no incompetence of counsel in her having advised appellant to plead guilty to first degree murder. We disagree.

The attorney's conclusion regarding appellant's status as an accomplice was clearly erroneous. An accomplice is one who, with the purpose of promoting or facilitating the commission of an offense, either advises, encourages or aids another in the planning or commission of the offense, or fails to make a proper effort to prevent the commission of the offense provided he has a legal duty to prevent it. *Ford* v. *State*, 296 Ark. 8, 753 S.W.2d 258 (1988). The record reflects that the appellant neither advised, aided nor encouraged Fretwell in the planning or commission of the robbery and murder of Mr. Sullins. Appellant may have suspected Fretwell was up to no good when he left her and Rigsbee for the avowed purpose to use a phone. However, even the mere presence, acquiescence, silence or knowledge that a crime is being committed, in the absence of a legal duty to act, is not sufficient to make one an accomplice. *Id.*; *see also, Perry* v. *State*, 277 Ark. 357, 642 S.W.2d 865 (1982). Clearly, appellant's conduct, while it may be sufficient to convict her of another crime, was not sufficient to make her an accomplice in the killing of Sullins.

Appellant pled guilty on the basis of her attorney's mistaken assumption and advice that her conduct — as described and related to the court at the plea hearing and at the Rule 37 hearing — was sufficient to convict her of first degree murder

when, in fact, it was not. That being true, we must conclude that a reasonable probability existed that, but for counsel's erroneous advice, appellant would not have pled guilty and instead would have chosen to go to trial.

For the foregoing reasons, we reverse and remand.