Glen **BLALOCK**, Appellant,

v.

A.L. **LOCKHART**, Director
A.D.C., Appellee.

No. 89–1352.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 17, 1990.
Decided March 27, 1990.

Thomas M. Carpenter, Little Rock, Ark., for appellant.

C. Kent Jolliff, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON and ROSS, Senior Circuit Judges.

ROSS, Senior Circuit Judge.

Glen Blalock appeals from the district court's order adopting the magistrate's recommendation that Blalock's petition for a writ of habeas corpus be denied pursuant to 28 U.S.C. § 2254. We remand for an evidentiary hearing.

On September 8, 1971, Blalock and co-defendant Ira Flynn, Jr. were charged with first degree murder in the circuit court of Franklin County, Arkansas. Blalock initially pleaded not guilty and not guilty by reason of insanity. The court acknowledged the existence of a statement on form FS PD (Fort Smith Police Department), No. 47, dated September 7, 1971 at 4:00 p.m., which was apparently signed by Blalock. Additionally, a typewritten statement dated September 8, 1971 was signed by Flynn. Blalock's appointed attorney filed a motion for a psychiatric evaluation but the Commissioner of Mental Health at the Arkansas State Hospital found Blalock not mentally ill to the degree of legal irresponsibility. Both defendants later entered pleas of guilty on January 28, 1972, with the understanding that the state would waive the death penalty. Blalock indicated that he understood he could receive life imprisonment. At the plea-taking, the trial judge asked each defendant if anyone had exerted pressure, threatened, promised reward, compelled, or persuaded them to plead guilty. The response was "no." They were advised that they had the right to a trial by jury to determine their guilt or innocence. The court asked them, "Do you understand that?" The answer was "Yes, sir." Further, both defendants expressly waived venue, as the murder was committed in Franklin County but the pleas were accepted in Crawford County. Neither took the opportunity to make a statement; both were sentenced to life imprisonment.

Blalock challenged his guilty plea on July 9, 1976, pursuant to then Arkansas Criminal Procedure Rule 1. His pro se motion alleged, *inter alia*, that he received ineffective assistance of counsel and that his guilty plea was coerced. He specifically claimed there was insufficient evidence to warrant and obtain a conviction but that counsel's obvious ineffectiveness made it impossible for him to establish his innocence. The state circuit court denied post-conviction relief without an evidentiary hearing. The Arkansas Supreme Court affirmed the decision in an unpublished opinion.

Blalock next filed a pro se handwritten petition in circuit court for writ of error coram nobis, raising the same grounds and seeking post-conviction relief under the due process clause. In an amendment to the petition, an affidavit, Blalock stated that the various responses to inquiries of the court at the joint arraignment were not his own but were his co-defendant's. He continued that if the court had asked him separately, his answers would have been different. He did not understand his right to a jury trial, to witnesses on his own behalf, to cross-examine witnesses called by the state, and to appeal from a jury trial upon conviction. The affidavit concluded that had Blalock understood his rights, he would not have waived them for he was not guilty of the offense charged. The petition was denied without a hearing. The Arkansas Supreme Court affirmed by denying Blalock's petition for a writ of certiorari.

Blalock then filed the present pro se petition for a writ of habeas corpus. The petition alleged that counsel did not explain all possible defenses before Blalock entered his plea, failed to interview witnesses, and did not investigate the crime or ask for an autopsy report. Blalock stated that he did not shoot the victim and would not have been found guilty of first degree murder by a jury. Blalock also asserted that he was denied due process because the trial court accepted his guilty plea without admonishing him of the constitutional requirements of such a plea, citing *Boykin v.*

*Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and sought an evidentiary hearing. Upon the magistrate's recommendation the petition was denied without an evidentiary hearing. In Blalock's objection to the magistrate's recommendation, he stated that had counsel investigated, he would have found facts (Blalock claimed he did not buy the gun or shells or shoot the victim) showing that Blalock was merely a witness to the crime, not an accessory. The district court found that Blalock received effective assistance of counsel and noted that as an accomplice, Blalock could be subjected to the same penalty as the principal. Even assuming that trial counsel failed to inform Blalock of available defenses to the charge, the court found no resulting prejudice. Blalock appeals, seeking reversal and remand for an evidentiary hearing. He argues that the district court erred in failing to conduct a hearing to determine whether he received effective assistance of counsel and whether he knowingly and voluntarily entered his plea.[1]

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). The two-part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart, supra,* 474 U.S. at 58, 106 S.Ct. at 370. A habeas petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that but for counsel's errors, petitioner would have insisted on going to trial rather than pleading guilty. *Id.* at 56–60, 106 S.Ct. at 369–71. As part of his representation, an attorney

must make reasonable investigations or make reasonable decisions to forego particular investigations. *Strickland v. Washington, supra,* 466 U.S. at 691, 104 S.Ct. at 2066.

On appeal, Blalock alleges ineffectiveness in counsel's failure to: (1) inform him that the death penalty was outlawed at the time of his plea; (2) inform him that he could not receive the death penalty because his co-defendant shot the victim; (3) interview witnesses; (4) review the autopsy report of the victim; and (5) explain all possible defenses to him. But for these alleged errors, Blalock states he would not have waived his right to a jury trial. Blalock stresses that at no time has an evidentiary hearing been conducted to establish a factual basis for the plea or assess the merits of his claims.

As noted by the district court, Blalock is incorrect in arguing that the death penalty was illegal at the time of his plea. Imposition of the death penalty was not held to constitute cruel and unusual punishment until June 29, 1972. *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). The district court also found that even assuming Blalock's assertions to be true, *i.e.,* that his co-defendant shot the victim and that the autopsy report and witnesses corroborate it, he could still receive the death penalty. *See Fant v. State,* 258 Ark. 1015, 530 S.W.2d 364 (1975) (accessories are punished as principals).

Blalock contends that the evidence would have been insufficient to support a felony conviction under Arkansas accomplice liability law which was not explained to him by counsel. He relies on *Smith v. State,* 199 Ark. 900, 136 S.W.2d 673, 674 (1940), for the belief that an accomplice (Blalock) may not be convicted on the uncorroborated testimony of another accomplice (Flynn). "Under Arkansas law, accomplice testimony must be corroborated by other evidence which both establishes the crime was committed and also tends to connect

---

1. Blalock's pro se brief raises a third issue—that the Crawford County Court was without jurisdiction to entertain his plea because the offense was committed in another county. The issue is

without merit because Blalock did not raise it in the state court proceedings, and further, he expressly waived venue at his plea.

the defendant to the crime." *Gipson v. Lockhart,* 692 F.2d 66, 68 (8th Cir.1982) (per curiam). The question thus becomes whether had this rule of law been explained to Blalock, the outcome would have been different, *i.e.,* would he have succeeded at trial. *See Hill v. Lockhart, supra,* 474 U.S. at 59, 106 S.Ct. at 370.

Generally, the accomplice testimony corroboration requirement is a matter of state law which does not in and of itself implicate a constitutional right cognizable on habeas review. *See Redding v. Minnesota,* 881 F.2d 575, 578 (8th Cir.1989); *Gipson, supra.* To the extent, however, Blalock urges ineffective assistance and that his resulting conviction is so devoid of evidentiary support as to raise a due process issue, we may review the constitutionality of his state criminal conviction. *See Berrisford v. Wood,* 826 F.2d 747, 750 n. 3, 754 (8th Cir.1987), *cert. denied,* 484 U.S. 1016, 108 S.Ct. 722, 98 L.Ed.2d 671 (1988). *See also* 28 U.S.C. § 2254(a) (habeas relief available to state prisoner "on the ground that he is in custody in violation of the Constitution or laws ... of the United States"). We are not satisfied that this contention does not raise a constitutional issue.

■ "Under 28 U.S.C. § 2254, a district court must hold an evidentiary hearing when there is a dispute about the relevant facts and the state court did not hold a full and fair hearing ... or the factual questions cannot be resolved on the basis of the record." *Brown v. Lockhart,* 781 F.2d 654, 656 (8th Cir.1986). It is clear that material facts are in dispute. Blalock claims that his attorney did not discuss the "accomplice corroboration rule" with him, yet the facts have not been adequately developed in the record. As already noted, the state court failed to hold a full and fair hearing. We believe Blalock is entitled to have his allegations tested in a federal evidentiary hearing.

We are unable to examine the content of the statement apparently given by Blalock on September 7, 1971, to determine whether it was sufficiently corroborative. Counsel acknowledge that the statement exists, yet it has not been made a part of the record on appeal. While it may be that the statement alone suffices, we are troubled by the issue and remand for further investigation of whether counsel failed to advise Blalock of the accomplice corroboration requirement, and if so, whether Blalock was thereby prejudiced. Further, we note that without a detailed consideration of the facts, which are lacking in this case, it is impossible for us to tell if Blalock could have in fact been determined an accomplice. *See Fretwell v. State,* 299 Ark. 305, 772 S.W.2d 334, 335 (1989) (ineffective assistance in attorney's conclusion regarding appellant's accomplice status).

■ Finally, Blalock asserts that his plea was not knowingly and voluntarily given. The voluntariness of a guilty plea is a mixed question of law and fact subject to independent review by an appellate court. *Martin v. Kemp,* 760 F.2d 1244, 1247 (11th Cir.1985) (per curiam). The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). A valid guilty plea, however, waives all nonjurisdictional challenges to a conviction. *See O'Leary v. United States,* 856 F.2d 1142, 1143 (8th Cir.1988) (per curiam).

In his petition for writ of error coram nobis and in his habeas petition, Blalock pointed out that he was not informed by the court of his right to confront witnesses and his right to remain silent. He was not asked if he was satisfied with his attorney's services or whether he had discussed all possible defenses with his attorney. Blalock was not made aware of any lesser included offenses. The record confirms his allegations. Under *Boykin v. Alabama, supra,* 395 U.S. at 243–44, 89 S.Ct. at 1712–13, the trial court is to undertake a factual inquiry to determine if the plea is voluntary and made with an understanding of the nature of the charge and consequences of the plea.

Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Second, is the right to trial by jury. Third, is the right to confront one's accusers. We cannot presume a waiver of these three important federal rights from a silent record.

*Id.* at 243, 89 S.Ct. at 1712 (footnote and citations omitted). The United States Supreme Court has not clarified that *Boykin* requires a specific articulation or listing of a defendant's constitutional rights, but rather has held that a guilty plea must be entered understandingly and voluntarily. *Brady v. United States,* 397 U.S. 742, 747–48 n. 4, 90 S.Ct. 1463, 1468–69 n. 4, 25 L.Ed.2d 747 (1970); *North Carolina v. Alford, supra,* 400 U.S. at 31, 91 S.Ct. at 164 (reaffirming *Boykin*'s requirement that the plea be knowing, voluntary and intelligent).

We are not satisfied at this point that Blalock was fairly apprised of his rights, of the nature of the charge, and of the facts alleged by the state to constitute the offense so that due process was not infringed. *See Gonzales v. Grammer,* 848 F.2d 894, 895, 899–901 (8th Cir.1988) (habeas relief granted after evidentiary hearing, petitioner informed of right to jury trial, told permissible sentence, and responded that plea was voluntary; *Boykin, Brady, Alford,* due process violated because no mention of privilege against self-incrimination, right to confront witnesses, or what state would have to prove at trial). From the filings we are able to glean that the victim, Lloyd Haney, received one gunshot wound to the upper left chest. No factual recitation, however, was made at the plea-taking, and there is no subsequent record to indicate that the facts were developed or that Blalock was informed of what the state would have to prove in a trial. Nor does it appear that Blalock was adequately informed of or understandingly waived his constitutional rights. In view of all of these, we find it necessary to remand.

Accordingly, the district court's order is reversed and the case remanded for an evidentiary hearing on the questions of whether B⁻alock received ineffective assistance of counsel in counsel's failure to advise him of the accomplice corroboration rule and whether Blalock's plea was knowing, voluntary, and intelligent. The district court is then requested to certify its findings of fact and conclusions of law to this court. We retain jurisdiction of the appeal.