**UNITED STATES of America, Appellee,**

v.

**Richard CASEY, Appellant.**

No. 90–1368.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 26, 1991.

Decided Dec. 11, 1991.

Curtis Blood, Collinsville, Ill., argued, for appellant.

James Steitz, Asst. U.S. Atty., St. Louis, Mo., argued, for appellee.

Before McMILLIAN, WOLLMAN and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Richard Casey appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri, following Casey's guilty plea to two counts each of mail fraud, 18 U.S.C. §§ 2, 1341, and tax evasion, 26 U.S.C. § 7201. The district court sentenced Casey to a non-guidelines sentence of two years imprisonment to run concurrently on each of the mail fraud counts followed by three years of probation to run concurrently on each of the tax evasion counts and a special assessment of $100.00 on the mail fraud counts. For reversal, Casey argues that the district court erred in not holding an evidentiary hearing prior to denying his motion to withdraw his guilty plea. For the reasons discussed below, we affirm the judgment of the district court.

FACTS

Richard Casey, a medical doctor, was charged by a seven-count indictment alleging four counts of mail fraud for obtaining insurance payments by mail for medical services not performed or covered by insurance, two counts of tax evasion for the years 1983 and 1984, and one count of obstruction of justice. Casey initially pleaded not guilty to all charges, but on February 3, 1989, following plea negotiations and a hearing, Casey entered a guilty plea to two counts each of mail fraud and tax evasion. The other three charges were dismissed. At the February plea hearing, the district court explained to Casey his right to a jury trial, that the verdict must be unanimous, and his right to appeal any verdict from trial. Additionally, the district court asked if anyone had threatened him into pleading guilty or if the plea was against his will and Casey responded "no" to each question. The district court explained that he would not be permitted to change his mind and that the guilty plea was final, and asked Casey several times if he had any questions or wished to speak to his attorney. Following the government's summary of the facts and a statement of the maximum penalty, the district court asked Casey about the mail fraud counts as follows:

The Court: [D]id you mail these claims to the insurance companies or to the Medicaid officials, asking for money for services which had not been rendered or for services which were unnecessary?

The Defendant: Yes, an employee of mine did that.

The Court: And you knew that?

The Defendant: Yes.

The district court then asked about the tax evasion counts and Casey responded that he was guilty of those charges. The district court then gave Casey a final opportunity to speak to his attorney and accepted the guilty plea.

On January 19, 1990, following a psychiatric evaluation of Casey, a sentencing hearing was held. Casey requested a continuance of his case and that request was denied. Casey then stated "Well, quite honestly, Judge, because of the prosecution's intimidation, coercion, threats of scandal and slander, and almost downright blackmail, I think, under any ordinary circumstances, one might consider a plea of guilty." Casey stated that he was not guilty. The district court explained to Casey why it believed that his plea was voluntary, citing Casey's education and his responses to the district court's questions. The district court stated, however, that it would treat Casey's comments as an oral motion to set aside his guilty plea. Casey responded by explaining that he did not file income taxes because of his emotional state and had always intended to file. Additionally, Casey said that the government owed him $15,000, so if he did have any tax liability, which according to his calculations he did not, it would be offset by the money owed him. As to the mail fraud counts, Casey said that he did not pay close attention to what his employees were doing and was unaware that his employees were filing false claims. Furthermore, he claimed that his employees intercepted the money and thus profited from the false claims. Finally, Casey argued that he had over

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

$200,000 in legitimate Medicaid claims which he did not submit, and thus he did not profit from any scheme to defraud. The district court denied his request to vacate the guilty plea and sentenced Casey to a total of two years in prison and three years probation under the pre-guidelines sentencing scheme. Additionally, the district court filed a written order denying Casey's request to vacate his plea. *United States v. Casey*, No. 88–048–CR(4) (E.D.Mo. Feb. 12, 1990). Casey now appeals to this court.

ANALYSIS

■ Casey argues that he is entitled to a hearing on his motion to withdraw his guilty plea and that the district court abused its discretion in failing to hold an evidentiary hearing. Under Federal Rule of Criminal Procedure 32(d), a motion for the withdrawal of a plea of guilty prior to sentencing may be permitted "upon a showing by the defendant of any fair and just reason." The burden of proving a fair and just reason is on the defendant. *United States v. Thompson*, 906 F.2d 1292, 1298 (8th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 530, 112 L.Ed.2d 540 (1990) (citations omitted) (*Thompson*). We review a district court's denial of an evidentiary hearing under the abuse of discretion standard. *United States v. Boyd*, 610 F.2d 521, 524 (8th Cir.1979), *cert. denied*, 444 U.S. 1089, 100 S.Ct. 1052, 62 L.Ed.2d 777 (1980).

■ In arguing for an evidentiary hearing, Casey states that disputed issues of fact should be decided by a hearing on the merits, but he does not state what facts, if any, are disputed in his case. Furthermore, Casey points to the fact that he proclaimed his innocence at the sentencing hearing and that the government has not shown how it would have been prejudiced

by the plea withdrawal. Finally, Casey argues that the district court did not adequately explain the "intent" element of the mail fraud counts at the plea hearing. While the district court asked him if he was aware that his employees were mailing fraudulent claims, Casey argues that the district court should have determined whether he had knowingly and intentionally defrauded the government and insurance companies and had not simply been carelessly letting his employees mail fraudulent claims without his knowledge.[2]

■ We hold that the district court did not abuse its discretion in denying Casey's oral motion to withdraw his guilty plea without holding a separate evidentiary hearing. "A court entertaining a motion to withdraw a guilty plea need not hold an evidentiary hearing if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true." *Thompson*, 906 F.2d at 1299 (citations omitted). This motion was not made until he was before the court for sentencing. The district court treated Casey's declaration of innocence as a motion to withdraw his plea and allowed Casey to testify as to why he was innocent and his plea should be withdrawn. The district court thus converted the sentencing hearing into a hearing on the motion to withdraw the plea. Most of the statements by Casey did not support the withdrawal of the plea as all of his arguments that he was not guilty of tax evasion because the government owed him $15,000 and that he was not guilty of mail fraud because he had $200,000 of unreimbursed Medicaid expenses do not negate his guilt. The only facts supporting his motion to vacate the plea are the allegations that the government had coerced his plea and the district court inadequately inquired into

---

2. It is unclear whether Casey is also alleging a deficiency in his Fed.R.Crim.P. 11 plea hearing. To the extent to which a challenge to plea hearing is made, we have carefully reviewed the transcript of the plea hearing and hold that the district court met all the requirements of Rule 11. The district court made full inquiry into the voluntariness of the plea and on several occasions asked Casey if he wished to speak to his attorney. The district court fully explained to Casey the consequences of a guilty plea and that

he would not be permitted to change his mind. The district court questioned Casey about the factual elements of both the tax evasion and mail fraud counts. As to the mail fraud counts, the district court confirmed that Casey was aware that the fraudulent claims were sent and the government added that Casey had cashed the reimbursement checks for those fraudulent claims. Additionally, following these questions about the mail fraud counts, Casey was given the opportunity to speak to his attorney.

his intent to commit mail fraud. Casey provided no specific facts as to how the government coerced or blackmailed him or why his plea was not voluntary. The district court explained to Casey that even if he had just been careless or indifferent to the activities of his employees, he would nonetheless be responsible for the mail fraud. Additionally, while Casey contended at the sentencing hearing that his employees mailed the fraudulent claims without his knowledge and intercepted the money, this directly contradicted inculpatory statements at the plea hearing and the government's statements that the checks were deposited into Casey's account, not his employees'. The district court gave Casey an opportunity to respond to the its analysis, but Casey did not provide an adequate basis for the withdrawal of his guilty plea.

We hold that the district court adequately allowed Casey to present his motion for the withdrawal of his guilty plea[3] and did not abuse its discretion in denying the motion to withdraw the guilty plea.

Accordingly, we affirm the judgment of the district court.

---

3. The district court was very patient in giving Casey all of the time necessary to explain his position.