972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Anthony James WEBSTER, Appellant,
v.
James DUKE, Disciplinary Hearing Officer, Arkansas
Department of Correction; Willis Sargent, Warden, Arkansas
Department of Correction; Robert Clark, Disciplinary
Hearing Administrator ADC Pine Bluff, Appellees.
 No. 91-3867.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 15, 1992.
Filed: August 6, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Anthony James Webster, an Arkansas inmate, appeals from the district court's[1] grant of summary judgment to various prison officials in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Webster was charged with a major disciplinary violation for trafficking in silver. The disciplinary hearing officer found Webster guilty of this conduct, and this finding was upheld on administrative appeal. Webster then filed the instant action. In his amended complaint, Webster alleged, inter alia, that W.H. Sargent, warden of the Cummins Unit of the Arkansas Department of Correction (ADC), had threatened him during an interrogation prior to charging him with the violation; that James Duke, the ADC disciplinary hearing officer who reviewed the charge, had conspired to deprive him of good time credits; and that Robert Clark, the ADC disciplinary hearing administrator who reviewed Duke's decision, had violated his right to due process.
 
 
 3
 Defendants filed a motion for summary judgment, which they supplemented with exhibits and affidavits. The magistrate judge[2] denied Webster's request for an evidentiary hearing and his motion to compel discovery. Webster responded to the summary judgment motion with unsupported allegations that defendants "manufactur[ed]" the disciplinary proceeding against him.
 
 
 4
 The magistrate judge proposed that defendants' motion for summary judgment be granted because Webster had not controverted in any manner defendants' exhibits or affidavits showing they were entitled to judgment. The magistrate judge also proposed that Webster had not stated facts showing that a conspiracy existed. Finally, the magistrate judge proposed that due process in the disciplinary proceedings was satisfied because "some evidence" supported the decision of the disciplinary committee. The district court adopted the recommendations.
 
 
 5
 We conclude that the district court correctly granted summary judgment to defendants. Once a movant for summary judgment has properly supported the motion, the nonmovant "may not rest upon the mere allegations or denials of [his] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Tisdale v. Dobbs, 807 F.2d 734, 739 (8th Cir. 1986). Webster, however, merely filed an unsupported response alleging misconduct on the part of defendants, which was inadequate to rebut defendants' supported summary judgment motion.
 
 
 6
 We also conclude that the district court did not abuse its discretion in declining to hold an evidentiary hearing; defendants attached all relevant documents concerning the disciplinary charge and hearing to their summary judgment motion, and Webster did not specify what he proposed to show if a hearing were granted. See United States v. Casey, 951 F.2d 892, 894 (8th Cir. 1991), cert. denied, 112 S. Ct. 2284 (1992) (standard of review). We reject Webster's argument on appeal that he submitted enough physical evidence to demonstrate a conspiracy. Contrary to his assertion, the record reflects that Webster did not submit any physical evidence to support this claim. Webster further failed to allege sufficient facts to sustain the claim. See Smith v. Bacon, 699 F.2d 434, 436 (8th Cir. 1983) (per curiam) (plaintiff must allege defendants directed themselves toward unconstitutional action by virtue of mutual understanding, and provide facts suggesting meeting of minds).
 
 
 7
 Finally, we note that a prison disciplinary committee is required only to have "some evidence" supporting its decision. Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir. 1989) (per curiam). Sargent's disciplinary report and statements signed by two other ADC officials reflect that Webster admitted he had obtained silver from a correctional officer. These documents constitute "some evidence" of Webster's guilt. See id. (statements in prison official's disciplinary report constituted "some evidence" inmate committed violation).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas