Glen BLALOCK, Appellant,

v.

A.L. LOCKHART, Director of Arkansas
Department of Correction, Appellee.

No. 89–1352.

United States Court of Appeals,
Eighth Circuit.

Submitted March 18, 1992.

Decided Oct. 16, 1992.

Rehearing Denied Nov. 18, 1992.

Jack Lassiter, Little Rock, Ark., for appellant.

Kelly Hill, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON and ROSS, Senior Circuit Judges.

ROSS, Senior Circuit Judge.

On January 28, 1972, Glen Blalock and co-defendant Ira Flynn, Jr. pled guilty to first degree murder in the Circuit Court of Franklin County, Arkansas. Following various filings for post-conviction relief in state court, Blalock filed the present habeas corpus petition in the United States District Court for the Eastern District of Arkansas. Without a hearing, the district court denied habeas relief on January 31, 1989, and Blalock appealed.

On March 27, 1990, this court remanded the case to the district court for further factual findings, but retained jurisdiction of the appeal. We asked the district court to conduct an evidentiary hearing to determine "whether Blalock received ineffective assistance of counsel in counsel's failure to advise him of the accomplice corroboration

rule and whether Blalock's plea was knowing, voluntary, and intelligent." *Blalock v. Lockhart,* 898 F.2d 1367, 1371 (8th Cir. 1990). On remand, Blalock withdrew his claim regarding the accomplice corroboration rule, leaving the voluntariness of Blalock's plea the only issue before the district court.

On remand, Blalock asserted that his guilty plea was not knowing, voluntary and intelligent due to (1) the inherent conflict of interest in defense counsel's representation of both Blalock and co-defendant Ira Flynn; (2) defense counsel's failure to fully advise Blalock of the possibility of an intoxication defense as a means of mitigating the degree of the offense charged; (3) defense counsel's failure to explain the possibility of a self-defense theory; and (4) defense counsel's failure to explain the concept of lesser included offenses.

On remand, the magistrate judge determined that:

> Although it would have been far superior for the trial court to have inquired specifically with regard to the above matters and to have firmly established the factual basis for the plea, the respondent has carried his burden of proving that Blalock's guilty plea was "knowing, voluntary, and intelligent." Counsel, together with the state trial court, apprised Blalock of sufficient information to enable him to understand "the alternative courses of action open to [him]."

The magistrate judge further found that Blalock and Flynn were fully advised of any potential conflict of interest and elected to continue the joint representation notwithstanding.

The district court, however, rejected the magistrate judge's recommendation and concluded instead that Blalock's plea was not voluntary because (1) the plea hearing record alone establishes that Blalock was not informed of his right against self-incrimination and the right to confront his accusers, and (2) an actual conflict existed in the joint representation of Blalock and Flynn. We now review the entire record, including the additional findings made by the district court, in determining whether the initial denial of the writ was proper.

We first consider whether Blalock was adequately advised of his constitutional rights so as to make his guilty plea voluntary and intelligent. Blalock contends that the court did not inquire as to two of the three fundamental rights addressed in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), specifically whether he understood his right against compulsory self-incrimination and his right to confront the witnesses against him.

█ Although several federal constitutional rights are waived by a plea of guilty, the Supreme Court has refused to require a specific on-the-record litany of such waiver before a trial court may validly accept a plea of guilty. Rather, the validity of a plea depends on "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). The Eighth Circuit has stated, "the failure of the state court to make a record affirmatively showing the voluntariness of a plea of guilty in accordance with the precepts of *Boykin* does not automatically vacate the plea. The state may still show, by way of post-conviction proceedings, that the plea was voluntarily made." *Griffith v. Wyrick,* 527 F.2d 109, 112 (8th Cir.1975). The state bears the burden of overcoming the strong presumption against the waiver of constitutional rights when it seeks to validate a guilty plea in the context of a collateral proceeding. *Id.*

█ Here, the district court determined that it could find Blalock's guilty plea involuntary premised solely on the plea hearing transcript where the court did not specifically inquire as to whether Blalock understood that he was waiving his right against self-incrimination and his right to confront the witnesses against him. The full record establishes, however, that Blalock was fully informed of his right against self-incrimination. Not only did Blalock sign a statement containing a waiver of the privilege, but it is clear that he was also advised of

this right on several different occasions during the course of the proceedings against him.

Regarding the right to confront his accusers, Blalock was informed on the record at the plea hearing that he could proceed to be tried by a jury and that he would have to overcome the testimony of certain witnesses should he proceed to trial. Blalock testified during the remand hearing that he knew he could go to trial; however, because of the risk of the death penalty, he chose to plead guilty.

Based on the foregoing, we are satisfied that Blalock sufficiently understood that by pleading guilty he was waiving his right against self-incrimination and his right to confront witnesses so as to make his guilty plea knowing and voluntary.

On remand to the district court, Blalock asserted that his plea was not knowing and voluntary because his counsel failed to apprise him of all of the facts relevant to his case, including his co-defendant's admission that he shot the victim, Lloyd Haney, in self-defense. In connection with this charge, Blalock argues that his trial counsel could not fairly represent both Blalock's and his co-defendant's interests.

The state now argues that this issue was presented for the first time following our remand to the district court. Although the state concedes that the issue of involuntariness of the plea based on ineffective assistance of counsel was raised throughout the proceedings, the state contends that the specific factual allegations concerning the conflict of interest were not raised until the remand hearing. While it appears the conflict of interest issue was not raised specifically with regard to the validity of the plea, Blalock has argued that his counsel failed to inform him of all possible defenses, including self-defense, which stems from his co-defendant's statements. We decline, however, to decide the procedural bar question based on our conclusion that Blalock's argument fails even if we were to consider the conflict of interest issue on its merits.

■ When a defendant is represented by counsel during the plea process and enters a plea upon counsel's advice, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). In *Hill,* the Court held that the two-part test set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill, supra,* 474 U.S. at 58, 106 S.Ct. at 370. A habeas petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that but for counsel's errors, petitioner would have insisted on going to trial rather than plead guilty. *Id.* at 56–59, 106 S.Ct. at 369–70. "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.* at 59, 106 S.Ct. at 371. With this legal framework in mind, we turn to the facts of this case.

■ Although Blalock and Flynn's versions of the incident fluctuated prior to the guilty plea, at the time of the plea both defendants stated that Blalock had fired the first shot and Flynn fired the second and fatal shot. On September 4, 1971, the date of the murder, Blalock told the investigator that he shot the victim two times. Also on this date, Blalock admitted to numerous hospital personnel that he had shot someone. Three days later, however, Blalock gave a statement that he shot Haney only once and that Flynn might have fired another shot. On September 8, 1971, Flynn gave a statement denying any involvement in the shooting. A few months after the arrest, on November 21, 1971, Flynn sent a letter to the prosecuting attorney indicating that he wanted to "tell the truth," and that he had shot Haney in self-defense.

N.D. Edwards, one of the two defense counsel, stated that although there appeared to be a potential conflict at the beginning of the joint representation, at

the time of the guilty plea both Flynn and Blalock had adopted consistent statements of the occurrence. Accordingly, counsel determined that there was no conflict in the joint representation.

On remand, the district court disagreed and found that a conflict of interest existed because the record did not establish that Blalock was aware of Flynn's conflicting statements and allegation of self-defense. The court further found that the joint representation adversely affected counsel's performance, in that "[c]ounsel did not pursue certain theories which would have inured to Blalock's benefit; i.e., that Blalock was innocent and Flynn guilty of the fatal shoot [sic], or that Flynn fired the fatal shot in self-defense and therefore Blalock could not be convicted on an accomplice liability theory." The court concluded that "[i]n light of the failure of the trial court to advise Blalock of the consequences of the entry of a guilty plea as well as the conflict of interest resulting from the joint representation, the Court finds that the guilty plea was not knowing, voluntary or intelligent."

In *Holloway v. Arkansas*, 435 U.S. 475, 482, 98 S.Ct. 1173, 1177, 55 L.Ed.2d 426 (1978), the Court held that joint representation is not a per se violation of the constitutional right to effective assistance of counsel. Instead, "a habeas petitioner must demonstrate that his attorney's performance was adversely affected by an actual conflict of interest." *Hayes v. Lockhart*, 766 F.2d 1247, 1250 (8th Cir.), *cert. denied*, 474 U.S. 922, 106 S.Ct. 256, 88 L.Ed.2d 263 (1985). "An actual conflict occurs when counsel cannot use his best efforts to exonerate one defendant for fear of implicating the other." *Id.*

Blalock argues that in order for his plea to have been voluntary, he should have been advised by counsel of his co-defendant's conflicting statements—first, that Flynn did not shoot the victim and second, that Flynn shot the victim in self-defense. He claims that because of the conflict in the joint representation he was deprived of the opportunity to decide whether to argue at trial that the state could not prove beyond a reasonable doubt the elements of first degree murder in light of Flynn's assertion of self-defense. We are not persuaded by this argument.

First, it is clear that any attempt to exonerate Flynn through a self-defense theory would not have harmed Blalock, but in fact would have benefited him. Co-defendant Flynn and defense counsel, however, made a tactical choice to plead guilty rather than assert a weak self-defense theory. At the time of the guilty plea, both defendants admitted that Blalock had fired the first shot and Flynn had fired the fatal shot. Therefore, Flynn and Blalock's interests were not in conflict.

On remand, the district court also concluded that counsel's failure to advise Blalock of an intoxication defense was not ineffective assistance so as to invalidate the guilty plea. The court found that attorney Edwards testified credibly concerning the futility of raising intoxication as a defense to the intent element. We agree with this conclusion. The district court further found that counsel's failure to advise Blalock of a lesser included offense was "merely [a] deficienc[y] in counsel's performance occasioned by the problem of joint representation." We reject this conclusion as we have already determined that there was no actual conflict in the joint representation.

Based on the foregoing we conclude that Blalock's guilty plea was knowing and voluntary as he was adequately apprised of his constitutional rights. We also conclude that there was no actual conflict in the joint representation of Blalock and Flynn. Accordingly, we affirm the district court's original denial of the writ of habeas corpus.