989 F.2d 506
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Fonso Lamount WIRES, Appellant.
 No. 92-3334.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 19, 1993.
Filed: March 8, 1993.
 
 Before McMILLIAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case arises from the district court's[1] acceptance of Fonso Lamount Wires' guilty plea to a charge of felon in possession of a firearm and the denial of Wires' motion to withdraw his guilty plea. Wires raises four points on appeal. Because we find all four of Wires' arguments to be without merit, we affirm.
 
 
 2
 On April 26, 1991, Jack's Discount Store in Burlington, Iowa, was burglarized. The police arrived, and a suspect, later identified as Wires, attempted to flee the scene. The suspect shot and wounded Burlington police officer Tom Walz in the head. Wires was promptly apprehended and arrested. A jury convicted Wires in Iowa state court for attempted murder, attempted burglary, and possession of burglary tools.
 
 
 3
 Prior to this burglary and shooting, Wires had been convicted of other felonies. After the state trial, Wires was indicted in a two-count federal indictment. Count I charged Wires with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Count II charged Wires with receiving a stolen firearm in violation of 18 U.S.C. § 922(j). On June 1, 1992, Wires pled guilty to Count I. Count II was later dismissed.
 
 
 4
 Wires contends that the court violated Federal Rule of Criminal Procedure 11(d) which requires the court to ensure that a guilty plea is voluntary. Although Wires has not raised this argument below, claims of noncompliance with Rule 11 may properly be raised on appeal without first being presented to the district court. United States v. Young, 927 F.2d 1060, 1061 (8th Cir.), cert. denied, 112 S. Ct. 384 (1991). Wires argues that if the court had conducted a proper inquiry, it would have discovered that Wires was subjected to "psychological intimidation" and therefore his plea could not be voluntary. We disagree.
 
 
 5
 Questions regarding the voluntariness of a defendant's original guilty plea are subject to independent appellate review. United States v. Morgan, 958 F.2d 847, 849 (8th Cir.), cert. denied, 112 S. Ct. 2979 (1992). "[T]he validity of a plea depends on 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " Blalock v. Lockhart, 977 F.2d 1255, 1256 (8th Cir. 1992) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)), petition for cert. filed, No. 92-7605 (U.S. Feb. 11, 1993). Review of Rule 11 violations is generally limited to the transcript of the Rule 11 hearing. Young, 927 F.2d at 1061.
 
 
 6
 We note first that "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977); see Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990). In this case, that presumption is justified. At Wires' guilty plea hearing, there was an extended colloquy between the court and Wires regarding the plea. The court explained the charges, explained Wires' rights and potential punishment, and made specific inquiries as to voluntariness, promises, and threats or intimidation. In his responses, Wires indicated that he understood the court's explanations entirely and asked intelligent questions about sentencing guidelines and a special assessment for a crime victim fund. Wires further acknowledged the importance of having a clear understanding between himself and the court regarding his guilty plea. On review of the record, we conclude the court fully satisfied the requirements of Rule 11 and adequately ensured that Wires' guilty plea was voluntary and intelligent.
 
 
 7
 Wires next argues that the district court abused its discretion in denying his pro se motion to withdraw his guilty plea. Federal Rule of Criminal Procedure 32(d) provides that a guilty plea may be withdrawn prior to sentencing if the defendant can show a fair and just reason for the withdrawal. We review for abuse of discretion. United States v. Casey, 951 F.2d 892, 894 (8th Cir. 1991), cert. denied, 112 S. Ct. 2284 (1992).
 
 
 8
 Relevant factors in determining whether a defendant may withdraw his guilty plea include (1) whether the defendant established a fair and just reason for withdrawal; (2) whether the defendant asserts his legal innocence; (3) the length of time between the guilty plea and the motion to withdraw; and (4) if the defendant established a fair and just reason for withdrawing, whether the government will be prejudiced. United States v. Johnson, 977 F.2d 1297, 1299 (8th Cir. 1992), petition for cert. filed, No. 92-7329 (U.S. Jan. 19, 1993).
 
 
 9
 Wires has offered absolutely no fair or just reasons for withdrawing his guilty plea. His argument about psychological intimidation is without merit. As discussed further below, his claim of ineffective assistance of counsel is equally unavailing. Furthermore, his motion to withdraw the guilty plea was made more than two months after it was entered. This was not an immediate change of heart, but an eleventh hour effort to undo a plea he had voluntarily and knowingly made. "The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." United States v. Woosley, 440 F.2d 1280, 1281 (8th Cir.), cert. denied, 404 U.S. 864 (1971).
 
 
 10
 In this case, Wires, in open court, not only confessed his guilt, and stated facts to support his plea of guilty, but has also stated that he did so with effective assistance of counsel and otherwise voluntarily. These facts reinforce the conclusion that his motion to withdraw his guilty plea was properly denied. See United States v. Boone, 869 F.2d 1089, 1091-92 (8th Cir.), cert. denied, 493 U.S. 822 (1989). Further, "[w]hen a defendant has entered a knowing and voluntary plea of guilty at a hearing to which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.' " United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992) (quoting United States v. Rawlins, 440 F.2d 1043, 1046 (8th Cir. 1971)). This is not such an occasion. The district court was well within its discretion in denying the motion to withdraw the plea.
 
 
 11
 Wires contends that he was denied his constitutional right to effective assistance of counsel. He argues that the attorney-client relationship was strained and marked by a lack of communication which contributed to his psychological intimidation resulting in the entry of an involuntary guilty plea. In order to succeed, Wires must show (1) the attorney's performance was so egregious as to be unreasonable under the circumstances and therefore violative of the constitutional guarantee of effective assistance, and (2) the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687-92 (1984). Wires fails under this test.
 
 
 12
 The record indicates that defense counsel mounted an entirely reasonable defense. He prepared conscientiously before trial and made pretrial motions. He discussed with Wires a variety of defense issues including suppression of evidence, chain of custody issues, jury selection, and whether Wires should testify in his own defense. Because Wires was a high security risk, he was held, prior to trial, at the United States Penitentiary in Leavenworth, Kansas. His defense attorney was in Des Moines, Iowa. This may not have been the optimal situation to facilitate communication. However, Wires has not demonstrated specific, identifiable acts by his attorney which were the result of unreasonable professional judgment. Id. at 690. Thus, this court will not characterize Wires' attorney's action given the circumstances to be "outside the wide range of professionally competent assistance." Id. Wires' ineffective assistance of counsel claim fails.
 
 
 13
 Finally, Wires makes a claim of vindictive prosecution. This argument is foreclosed. A valid guilty plea waives all nonjurisdictional challenges to a conviction. Blalock v. Lockhart, 898 F.2d 1367, 1370 (8th Cir. 1990). The district court advised Wires of that fact during his Rule 11 hearing.
 
 
 14
 Based on the foregoing, we affirm.
 
 
 
 [1]
 The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa